## Case No. 5,586.

GOODYEAR et al. v. UNION INDIA RUBBER CO.

[4 Blatchf. 63.] [1]

Circuit Court, S. D. New York.　June 30, 1857.

PATENTS—LICENSE—BILL IN EQUITY — ENFORCEMENT OF COVENANTS—JURISDICTION OF FEDERAL COURTS.

Where a license was granted under a patent, with covenants that the licensee should pay certain tariffs, and keep correct accounts, and permit his books to be examined, but there was no express provision that, if the covenants were broken, the rights granted should revert to the licensor, and a bill was filed by the licensor against the licensee, praying for a decree that the covenants should be performed, and for an injunction to prevent the use of the patent, under the license, until the covenants should be performed, and the citizenship of the parties did not give to the court jurisdiction of the suit: Held, that the subject-matter did not give the court jurisdiction; that the suit was not one to prevent the violation of any right of the licensor, secured by any law of the United States, within section 17 of the patent act of July 4, 1836 (5 Stat. 124), but was one to prevent the violation of the rights secured by the covenants; and that the court had no jurisdiction of the case.

[Cited in Merserole v. Union Paper Collar Co., Case No. 9,488; Magic Ruffle Co. v. Elm City Co., Id. 8,949; Dowell v. Griswold, Id. 4,041; Hartell v. Tilghman, 99 U. S. 554; White v. Lee, 3 Fed. 224. Applied in Teas v. Albright, 13 Fed. 412. Cited in Albright v. Teas, 106 U. S. 620, 1 Sup. Ct. 556.]

In equity. This was an application for a provisional injunction. Soon after the plaintiff Goodyear obtained his patent for vulcanized India-rubber, in the year 1844, he granted licenses to certain parties to manufacture certain kinds of India-rubber goods, the licensees covenanting to pay certain tariffs, to keep true accounts, to permit the licensor to inspect their books at all reasonable times, and to do certain other things. The rights originally granted by the licenses from Goodyear, became vested in the defendants, a corporation created by the laws of the state of New York, and located and doing business in the city of New York, who became bound to perform the covenants entered into by the original licensees. Goodyear, in December, 1856, transferred all his right to his patent, and all claim for tariffs against the defendants, and all other de-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

mands against them, to the plaintiff Judson. No tariffs had been paid by the defendants for more than three years prior to the filing of the bill, and, for that time, they had refused to permit their books to be inspected. They urged that they had good reasons for not paying, and for refusing to permit their books to be inspected. The bill described the plaintiffs as "William Judson of the city of New York, and Charles Goodyear, a citizen of the United States, now residing in the city of London," and the defendants as "the Union India Rubber Company, a corporation created and established by the laws of the state of New York, and carrying on business within said state." The bill set out the patent; the assignment to Judson; the original licenses granted by Goodyear; the rights of the defendants under the licenses; the obligation of the defendants to pay the tariffs, and to perform all the covenants entered into by the original licensees; and their neglect and refusal. It prayed that the defendants might be decreed to render correct accounts of all the articles made under the licenses, and to pay over the tariffs stipulated to be paid, and to account for articles made in violation of the patent, and for the damages sustained by breaches of their covenants, and that, until they had so accounted and paid over such tariffs, they might be enjoined from manufacturing or selling any articles made by the use of the patent, the right to manufacture which had been granted by the licenses, and that they might be also enjoined from any further violation of the patent. There was, also, a prayer for general relief, and for a provisional injunction.

James T. Brady, for plaintiffs.
Francis B. Cutting and William Curtis Noyes, for defendants.

INGERSOLL, District Judge. Several important questions were presented on this motion, and elaborately argued by counsel. The view taken by the court of one of the questions, renders it unnecessary that the others should be considered, as the result arrived at in considering that one question, disposes of the case. That question is the question of jurisdiction. It is clear that the citizenship of the parties does not give the court jurisdiction. The parties plaintiffs are William Judson and Charles Goodyear. The defendants are the Union India Rubber Company. Judson is described as of the city of New York. Goodyear is described as a citizen of the United States, residing in London. The defendants are a corporation created by the laws of the state of New York, and located in the city of New York. The court, therefore, has no jurisdiction, unless the subject-matter of the bill gives jurisdiction; and it is insisted by the defendants that the subject-matter of the bill does not give jurisdiction.

By the constitution of the United States, the judicial power extends not only to controversies between citizens of different states, but also to all cases in law and equity, arising under the laws of the United States; and the 17th section of the patent act of July 4, 1836 (5 Stat. 124), under which it is claimed by the plaintiffs, that the court has jurisdiction, provides "that all actions, suits, controversies and cases, arising under any law of the United States, granting or confirming to inventors the exclusive right to their inventions or discoveries, shall be originally cognizable, as well in equity as at law, by the circuit court of the United States, or any district court having the powers and jurisdiction of a circuit court; which courts shall have power, upon a bill in equity filed by any party aggrieved, in any such case, to grant injunctions, according to the course and principles of courts of equity, to prevent the violation of the rights of any inventor, as secured to him by any law of the United States."

There can be no violation of any right secured to a patentee under a law of the United States giving to him the exclusive right to use the thing patented, provided such thing patented is used by a licensee under a license or grant made by the patentee, upon such licensee's entering into a covenant that he will do certain things, so long as the license or grant remains in full force. If such licensee uses the patented invention beyond the limits of the license or grant, or in a way not authorized by the license or grant, then there has been a violation of a right secured to the patentee under a law of the United States giving to him the exclusive right to use the thing patented, although such licensee performs, according to their terms, all the covenants entered into by him. If such licensee uses the patented invention within the limits of the license or grant, and performs the covenants which he has entered into, there is no violation of any of the patentee's rights of any kind. If, in the use of the thing granted, the licensee does not perform his covenants, although there is, by such non-performance, a violation of the rights of the patentee, such violation is not a violation of the rights of the patentee as secured by a law of the United States, but a violation of his rights as secured by the covenants. He has, by the license or grant, parted with a portion of that which was secured to him by the laws of the United States, and has, in lieu thereof, taken a right secured by a covenant. If a patentee parts with the whole right secured by his patent, either for cash, or upon the purchaser's entering into a covenant to pay him a certain sum of money, or to do certain other things, the patentee has, after such sale, no right vested in him secured by any act of congress. A suit to enforce the covenants would not be a case arising under a law of

the United States. The use of the whole thing sold cannot be a violation of any rights of the patentee secured by the laws of the United States, so long as the deed of sale remains in full force, for he has parted with all such rights. And, when a portion of the right is parted with, the rule must be the same, as it respects such portion.

The weight of authority in adjudged cases, sustains the view thus taken of this question. The case of Woodworth v. Weed [Case No. 18,022], decided in 1846, was an application for an injunction. The plaintiff had granted to the defendant a license to construct and use one of the Woodworth planing machines, for which the defendant agreed to give, and did give, five several promissory notes, in all amounting to four hundred dollars, the defendant agreeing that, if either of said notes was not paid when it fell due, then the license and permission should be void, and the same should revert to the plaintiff. There is no such express stipulation in the licenses granted by Goodyear, under which the Union India Rubber Company claim. A bill was brought to enjoin the defendants from using the machine licensed, and the court ordered that an injunction should issue, as prayed for, unless the defendant paid the notes in sixty days. In that case, no exception was taken to the jurisdiction of the court. The bill charged that the license had become void, and that, according to its terms and conditions, the defendant had no longer any right to use the machine, and prayed for an injunction to restrain its use. There was no prayer for the payment of the notes. The court say: "From the terms of the agreement, the license was forfeited the moment one of the notes became due and unpaid, and it was optional with the plaintiff to resort to his remedy at common law, to enforce the collection of the notes, or to treat the rights of the defendant as forfeited under the stipulation in the agreement." The plaintiff chose to do the latter, and not to seek payment for the notes.

The case of Wilson v. Sherman [Id. 17,833], decided in June, 1850, was also a bill for an injunction against a license under the Woodworth patent, to restrain him from the further use of the machines licensed. The only ground of objection urged by the defendant's counsel to the jurisdiction of the court was, that the machines complained of were in another judicial district. The jurisdiction of the court was sustained. It appears, from the opinion of the court, that, as in the case of Woodworth v. Weed [supra], one of the conditions annexed to the grant of license had been violated, and that, according to its terms and spirit, all right and title to use the machines licensed had become forfeited. The complaint in that case was that the defendants had done that which by the license they had no right to do. The

complaint in the case now under consideration is, that the defendants have neglected to do what they ought to have done.

In the case of Goodyear v. Day [Case No. 5,568], decided in October, 1850, it was held that the court had no jurisdiction of the case as presented by the bill, and that the subject-matter contained in the bill gave the court no jurisdiction; and, as the court had no jurisdiction in consequence of the citizenship of the parties, the bill was dismissed. There was no prayer in that bill that the defendant be enjoined from using the patent, unless such prayer was comprehended in the general prayer for relief. The prayer was, that the defendant be enjoined from violating the covenants which he had entered into, to pay tariffs for the license to use certain patent rights, and for an account. In that case, it was attempted by the plaintiff's counsel, to sustain the jurisdiction on the ground that the suit was brought under the patent act, and that the gravamen laid was the infringement of patent rights. But that attempt failed.

The case of Brooks v. Stolley [Id. 1,962], decided in 1845, was a bill in favor of the licensor of a patent right, against a licensee. The ground of complaint was, that the licensee had violated the covenants which he had entered into upon the granting of the license, the keeping of which covenants, it was claimed, was a condition to the grant. There was a prayer for an injunction against using the machine licensed, and a conditional one was granted. An exception was taken, that, as both parties were citizens of the same state, the court had no jurisdiction. But the jurisdiction was sustained, on the ground that the subject-matter of the bill gave jurisdiction.

If there be any doubt, on the cases above referred to, as to the weight of authority upon the question now under consideration, all such doubt is removed, after an examination of the case of Wilson v. Sandford, 10 How. [51 U. S.] 99. That case was subsequent to the cases of Goodyear v. Day, and Brooks v. Stolley [supra]. The bill in Wilson v. Sandford was for an injunction, and appears to have been, in substance, very like the bill in the present case. It was brought by a licensor of a patent right against a licensee. The license was given upon the payment of $1400, to wit, $200 in cash, and the remainder in notes; and the complaint was, that the notes had not been paid. There was a provision in the license, that, if the notes or any of them were not paid at maturity, then all the rights granted by the license should revert to the licensor, who should be reinvested in the same manner as if the license had not been made. The notes were not paid. The licenses in the present case contain provisions that the licensees shall pay certain tariffs, and keep correct accounts, and permit their books to

be inspected at all reasonable hours; and the complaint is that the defendants have not paid the tariffs, and have not kept true accounts, and have not permitted their books to be examined. There is no express provision in their licenses, that if they do not keep their covenants, the rights granted by the licenses shall revert to the licensor. The court, in the case in 10 Howard, say: "The dispute in this case does not arise under any act of congress, nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill; and there is no act of congress providing for or regulating contracts of this kind. The rights of the parties depend altogether upon common law and equity principles."

In the case of Hartshorn v. Day, 19 How. [60 U. S.] 211, the court, in commenting on the effect upon a license, of the nonperformance, by the licensee of a patent right, of covenants made by him, say: "The payment of the annuity" (covenanted to be paid) "was not a condition to the vesting of the interest in the patent in Judson, ·and, of course, the omission or refusal to pay, did not give to Chaffee" (the patentee) "a right to rescind the contract, nor have the effect to remit him to his interest as patentee." "The remedy for the breach could rest only upon the personal obligation" of the covenantor. The weight of authority, therefore, in the federal courts, is clearly, that this court has no jurisdiction of the case now under consideration.

·The decisions of state courts sustain these views. The jurisdiction of the circuit courts in cases arising under the patent laws, without regard to the citizenship of the parties or the amount in controversy, is exclusive. Curt. Pat. § 496. State courts have no jurisdiction to entertain a suit, either in law or equity where the gravamen laid, is the infringement of patent rights. Dudley v. Mayhew, 3 Comst. [3 N. Y.] 9. But, in the case of Rich v. Atwater, 16 Conn. 409, which was a bill to enforce, by injunction, the rights of the plaintiff under a special agreement made, upon a license given to the defendant, to use the patented invention, it was held that the court had jurisdiction; that such a suit was not a suit which, by the patent law, belonged to the federal courts; and that the gravamen was the breach of a contract. The gravamen, in this case, is the breach of a contract. Without such breach, there would be no pretence of the violation of any of the plaintiffs' rights. Jurisdiction is not given to the circuit court, by the patent act, of all suits where patent rights are the subject of· inquiry. An action for fraud in the sale of a patent right is cognizable by the state courts. Cognizance of such an action is not given to the circuit court by the patent act. Peck v. Bacon, 18 Conn. 377. With this view of this question, the motion must be denied, for want of jurisdiction.