### WHITE and others *v.* LEE.

*(Circuit Court, D. Massachusetts.   July 24, 1880.)*

1. PATENT—LICENSE—FORFEITURE.—A breach of covenant does not *per
se* work a forfeiture of a patent license.
    *Martell* v. *Tilghman,* 99 U. S. 547, followed.

2. SAME—SAME—NOTICE.—In case of default written notice must be
served on the licensee in order to terminate the license, where such
license provides in terms for such notice.

In Equity.   Demurrer to Bill.

LOWELL, C. J.   The complainants, citizens of Illinois, are
the owners of two patents for an improvement in boots and
shoes, and they bring this bill against the defendant, a
citizen of Massachusetts, for an injunction, and an account
of profits and damages, alleging an infringement of one of
the patents.   The bill alleges that the defendant took a
license from the plaintiffs, a copy of which is annexed to the
bill, to use said inventions during the continuance of the
patents, and any extension or renewal thereof, on condition
of keeping the agreements on his part, which were, to render
accounts, pay royalties, and permit an inspection of his books;
and, if he made default, the licensors might, at their option,
cancel the license as thereafter provided.   The mode of cancellation provided by the agreement is:

"Upon a failure by the licensee to make returns, or to make payment of royalties, as herein provided, or to comply with any of his covenants or agreements herein, the licensors may terminate this license by serving a written notice upon the licensee, or by leaving such notice at the usual place of business of the licensee. But the licensee shall not thereby be discharged from any liability to the licensors, then accrued, whether due or not due."

The bill does not rely upon a written notice to terminate the license, and it is admitted that none has been given; it merely avers that the defendant has refused to pay for the invention, and has, "in all other respects," failed and refused to perform his part of the agreement. This allegation is of too vague and general a nature to have much legal significance.

The defendant demurs to the relief, and I find his demurrer well taken.

The theory of the bill is that any failure by the licensee to pay the royalties, or to render an account, avoids the license immediately at the election of the licensor. A license is often compared to a lease of land, and many decisions follow this analogy. Now, so far is equity from decreeing the forfeiture of a lease for a breach of covenant, it often interferes to prevent a forfeiture which would exist at law. I know of no case in which a mere failure to pay money, or keep some engagement of that nature, has been held a good cause for asking a court of equity either to declare a forfeiture, or to proceed as if one had been incurred.

In some few patent cases, beginning with *Brooks* v. *Stolley*, 3 McLean, 523, it has been held that a patentee enjoyed the unusual privilege of treating a breach of covenant as if it, of itself, worked a forfeiture. No doubt the parties may agree that such an effect shall follow; and this will account for some of the decisions. The others of this sort are overruled by *Hartell* v. *Tilghman*, 99 U. S. 547.

The hardship of the doctrine contended for is manifest. The controversy in many of these cases,—and I understand this to be one of them,—is, whether a certain machine or

device is within or without the license; and what the plaintiff calls a neglect and refusal to keep the agreement, is an honest difference of opinion as to its true scope. The agreement in this case gives the plaintiffs the great advantage of terminating the agreement in case of default, if they please; but only when they shall have served a certain written notice. Until after that has been done they are not entitled to profits and damages, but to royalties; the account and injunction which they might have are both different from those which they ask for. I see no propriety or legality in adding a forfeiture by implication to that which the parties have provided by their contract.

It is true, as the plaintiffs contend, that if a licensee has renounced the license he may, on the one hand, defend against the agreement and set up the invalidity of the patent; and, on the other, may be treated as an infringer. *Moody* v. *Taber*, 1 Holmes, 325; *Cohn* v. *National Rubber Co.* 15 Off. Gaz. 829. The mistake is in supposing that anything less than an unequivocal renunciation will work this effect. "No renunciation of the permission, warning the plaintiffs that the defendants meant to claim to use the invention in their own right, is averred." *Lawes* v. *Purser*, 6 E. & B. 930, 934. That was a case in which the patentee was insisting on the contract; but no court of equity will say that a plaintiff, even if he have an election to put an end to a contract in a certain way, shall assume it to be ended without following that method, and proceed accordingly. This contract still exists until one party or the other, or both, bring it to an end. It cannot be treated as ended, as a legal consequence of a failure to pay the royalties. To this effect are the authorities, even before the late and controlling case of *Hartell* v. *Tilghman*, 99 U. S. 547. See *Wilson* v. *Sandford*, 10 How. 99; *Hartshorn* v. *Day*, 19 How. 211; *Goodyear* v. *Union R. Co.* 4 Blatchf. 63; *Blanchard* v. *Sprague*, 1 Cliff. 288; *Merserole* v. *Union Paper Collar Co.* 6 Blatchf. 356–7.

If, then, there were no clause in the agreement providing for the mode of putting an end to it by notice, and that the royalties should be the measure of damages until notice was

given, the plaintiffs could not treat it as ended upon the facts alleged, and *a fortiori* when the deed itself provides the method.

The court has jurisdiction of the parties, as well as of the subject-matter, and if the complainants merely wish to try the real question, whether certain devices belong to them, it can as well be done by a bill for an account under the agreement as in any other mode; but the frame of the bill, at present, will not raise this issue.

Demurrer sustained.