AMERICAN GRAPHOPHONE CO. v. VICTOR TALKING MACH. CO. et al.

(Circuit Court of Appeals, Third Circuit. June 13, 1911.)

. No. 24. '

COURTS (§ 290*)—JURISDICTION OF FEDERAL COURTS—SUITS ARISING UNDER PATENT LAWS.

A federal court is without jurisdiction of. a suit as one for infringement arising under the patent laws, where the bill shows that defendant entered on the use of the invention under a license contract which has not been rescinded nor abrogated by agreement of the parties or the decree of a court, and that the real question involved is one of contract rights.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 832; Dec. Dig. § 290.*

Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by the American Graphophone Company against the Victor Talking Machine Company and Eldridge R. Johnson. Decree (188 Fed. 431) for defendants, and complainant appeals. , Affirmed.

C. A. L. Massie, John W. Griggs, and ·Philip Mauro, for appellant. Horace Pettit, for appellees.

Before BUFFINGTON and. LANNING, Circuit Judges, and YOUNG, District Judge.

BUFFINGTON, Circuit Judge. In the court below the American Graphophone Company filed a bill in equity charging the Victor Talking Machine Company and Eldridge R. Johnson with infringing patent No. 688,739, granted December 10, 1901, to Joseph W. Jones. The bill further states that complainant by contracts, copies of which are attached to the bill, granted to respondents a license under said patent, and that respondents are using said license and claim to do so under said contracts. The bill charges, however, that respondents have forfeited said contracts by denying the validity of said patent. To this bill the respondents demurred, and the court below in an opinion reported at 188 Fed. 431, sustained the second ground of demurrer, viz.:

"That the complainant has not in and by its said bill of complaint made or stated a case such as entitles it in a court of equity to any relief from or against this defendant, touching the matter contained in said bill of complaint or any other matter."

To avoid repetition, we note especially and quote two parts of the opinion of the court below, which call attention to features on which in our judgment this case turns. Those statements are:

·"Recurring·again to the bill of complaint, it will be found it contains no allegation that the above-mentioned agreement has been rescinded or· broken, nor any prayer for a decree to that effect. So far as thereby disclosed, the agreement in all its provisions is in full force and effect and binding upon the ·parties thereto, except. as already mentioned, it is alleged that the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendants by their conduct, as set out in the above quoted paragraphs, have renounced and repudiated the license to manufacture under the Jones patent."

And this:

"I might add, however, that in my judgment, in view of the character of this contract, even if the power to elect to abrogate or rescind it were admitted, it could not elect to abrogate or rescind a part only and retain the balance of the contract, since, as already stated, by its terms it provides for an exchange of licenses. The covenants are mutual and interdependent and constitute the consideration of the contract. To treat as rescinded or abrogated a single license forming but a small part of the intermingled subject-matter of the contract, and at the same time, impliedly at least, retain the balance, did not lie in the power of the complainant."

From these extracts, it will appear that the present bill, while brought as a patent case, and therefore falling within the purview of R. S. § 629 (U. S. Comp. St. 1901, p. 503), in fact involves a question, not of patents, but of contract. The pertinent questions embodied in the statements are: Are there existing contracts between these parties? · Has the conduct of the respondents been such as to preclude them from availing themselves of the license granted by said contracts? Does the law give the complainant a right to ignore the contracts and enforce the monopoly of its patent? Stripped of all verbiage and extraneous matter, the question to which this case would ultimately come is one of contract rights. Indeed, of this case it may be said, as it was in Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344:

"The dispute in this case does not arise under any act of Congress, nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill, and there is no act of Congress providing for or regulating contracts of this kind. The rights of the parties depend altogether upon common law and equity principles."

And, as to it, it may be pertinently inquired, as it was in Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357:

"What is there here arising under the patent laws of the United States? What controversy that requires for its decision a reference to those laws or a construction of them? There is no denial of the force or validity of plaintiff's patent, nor of his right to the monopoly which it gives him, except as he has parted with that right by contract."

This case, it seems to us, is governed by Hartell v. Tilghman, supra. In that case it was ably contended by Judge Bradley, representing a strong minority, that a dispute over a license right was a defense proper to a suit for infringement, and was not a subject-matter of a bill that goes to the jurisdiction of the court, but his dissent shows that this view was at variance with that of the majority. The significance of the decision ·in Hartell v. Tilghman may be seen in the court's opinion showing what was common between that case and Wilson v. Sandford. Thus, speaking of the latter case, the Hartell v. Tilghman opinion says:

"In that case a contract was made under which the defendant entered on the use of the invention. This is also true of the case before us. In that case it is charged that an act to be performed by the defendant and licensee under the contract was not performed, to wit, payment of the notes. In the case before us it is alleged in like manner that the defendants failed to perform part of the contract, to wit, to sign a license. In that case the

complainant asserted, as in this, that all right under the contract had ceased, and he was remitted to his original rights under the patent, and could, therefore, sue in the federal court under the statute; but the court held this to be erroneous, and that the rights of the parties depended on the contract, and not on the statute."

Now the same things may be said of the present case, for in it also "a contract was made under which the defendant (the Victor Company) entered on the use of the patent." In it "it is charged that an act to be performed by the defendant and licensee under the contract was not performed, to wit," loyalty of the licensee to the licensor's patent. Here, too, as there complainant asserted "that all right under the contract had ceased, and he was remitted to his original rights under the patent, and could, therefore, sue in the federal court under the statute," for here, to quote from the bill, the allegation is that the Victor Company, "in disregard of their contract obligations, undertook to adduce, and over your orator's objections and protests did adduce, evidence. * * * And your orator charges that such conduct on the part of the defendants herein * * * is a violation of their contract obligations, * * * and that such conduct on the part of the defendants herein amounts in law to a renunciation and repudiation by them of said license." From this it seems clear that Hartell v. Tilghman, supra, is conclusive of the case in hand, unless the principle of that case is affected by later decisions, and it is said this is done by White v. Rankin, 144 U. S. 635, 12 Sup. Ct. 768, 36 L. Ed. 569, where the bill was sustained. But, without stating the complicated facts of that case, we content ourselves with saying that a study of them shows the case was decided as it was because it involved nothing but patents, for the opinion, after showing that the real significance of Hartell v. Tilghman was that it involved a case of alleged license, "while the present case (White v. Rankin) stated by the bill arises on the patents. There is no suggestion in the bill that there ever was any contract or agreement or attempt to make one between the plaintiff and defendant thereupon, or that either the plaintiff or defendant claim anything under any contract." It is clear from this that White v. Rankin, where there was no contract, in no way qualifies Hartell v. Tilghman, where there was a contract. The present case therefore falls under the Hartell Case, as involving a question of contract, and is governed by its principle. This view is in accord with McMullen v. Bowers, 102 Fed. 494, 42 C. C. A. 470; American Co. v. Jones (C. C.) 122 Fed. 803; White v. Lee (C. C.) 3 Fed. 222; Adams v. Meyrose (C. C.) 7 Fed. 208; and Standard Co. v. National Co. (C. C.) 95 Fed. 291, decided in this circuit.

The court below, therefore, rightly sustained the second ground of demurrer quoted above, and its decree dismissing the bill is sustained without prejudice to the enforcement of other remedies.