LOVELL–McCONNELL MFG. CO. et al. v. WAITE AUTO SUPPLY CO.

(District Court, D. Rhode Island. July 22, 1912.)

No. 16.

1. Patents (§ 129*)—Conditional Licenses—Construction.

A label attached to a patented article sold by the owner of the patent to a dealer, licensing its sale or use only on certain conditions, one of which was that by its acceptance the purchaser acknowledged the validity of the patent, reasonably imports that the condition relates only to the specific article to which the label is attached, and it does not estop the purchaser to contest the validity of the patent, when sued for its infringement by the sale of articles made by others and alleged to infringe, at least without proof that such indirect consequences of the acceptance of the condition were known and understood by the purchaser.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 182½–186; Dec. Dig. § 129.*]

2. Patents (§ 280*)—Suit for Infringement—Preliminary Injunction.

A complainant is not entitled to a preliminary injunction to restrain infringement by further sales by defendant of patented articles under a license agreement which it is alleged defendant has violated, where the bill also prays for additional relief which can only be granted if such agreement is still in force; complainant being required to elect between the two inconsistent positions.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 439; Dec. Dig. § 280.*

Grounds for denial of preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit by the Lovell-McConnell Manufacturing Company and others against the Waite Auto Supply Company. On motion for preliminary injunction. Motion denied.

Horatio E. Bellows, of Providence, R. I., and Geo. Cooper Dean, of New York City, for complainants.

J. Jerome Hahn, of Providence, R. I., and C. A. L. Massie, of New York City, for defendant.

BROWN, District Judge. This is a petition for preliminary injunction against alleged infringement of letters patent Nos. 923,048, 923,049, and 923,122, to Hutchinson, May 25, 1909. The patents relate to mechanically actuated diaphragm horns or alarms. Certain of these horns were sold to the defendant with a label attached thereto, in the following terms:

License.

Lovell-McConnell Mfg. Co., Makers, Newark, New Jersey, U. S. A.

The instrument contained in this box is marked with and identified by its Serial No. ......, is made by us under United States patents, granted March 14, 1899, No. 620,958; March 31, 1908, No. 883,643; May 25, 1909, Nos. 923,048, 923,049, and 923,122; May 3, 1910, Nos. 956,898, and 957,161; design patents January 19, 1909, Nos. 39,785 and 39,786, and February 2, 1909, No. 39,801; and is licensed and sold only under and subject to the following conditions assented to by purchase, and controlling all sales and uses thereof, any violation of which license conditions revokes and terminates all rights and license as to this and all other instruments of makers in violator's possession, and subjects violator to suit for infringement of said patents, without further notice.

(1) The instrument contained herein is licensed for use and sale only when sold at retail or to buyers for use at a price not less than $      , and only for such time as our name plate, registered trade-mark and serial number shall remain unaltered and clearly legible thereon, and only when seller and buyer acknowledge that the above mentioned patents are valid as to all the claims thereof, and that the instrument is licensed under and covered by said patents.

(2) Dealers may sell to other dealers having actual notice of and assenting to the conditions of this license, but may not sell to any one designated by the makers as objectionable, and may not alter, erase, detach or conceal any of makers' marks, notices, licenses, tags or labels applied to the within instrument or to this box containing it.

(3) No deduction, discount, rebate, premium or bonus shall be allowed or given in connection with any sale or transfer at retail except that a 5% discount may be allowed where sale is made for cash.

(4) No license whatever is granted for purchase or sale by any one who has been notified that he is objectionable to makers; nor for purchase by or through, or sale by or to, any person, company, concern or association which offers or affords purchasers or users any membership, profit sharing or co-operative right or privilege.

(5) Purchase, sale or acceptance of this instrument is acceptance of and agreement to perform the conditions above stated.

Lovell-McConnell Mfg. Co., Makers.
Miller Reese Hutchinson, Patentee.

[1] The bill alleges that by purchase, by acceptance, and by resale the defendant is a purchaser who has repeatedly and specifically acknowledged the validity of said patents, and that by reason of the premises the defendant is now estopped to deny the validity of said patents. The bill also alleges that the defendant signed a supplemental selling license wherein it acknowledged its familiarity with complainants' system of selling horns under conditional licenses. It is charged that the defendant has advertised and sold, and threatens to continue to advertise and sell, automobile horns, designated as the "Newtone" horn, made by another manufacturer, but embodying said inventions, in infringement of the rights of complainants.

The bill prays an injunction against manufacture, use, or sale of the complainants' horns known as "Klaxon" and "Klaxonet" horns, of the kind purchased by the defendant from complainants, and also for an injunction against the use or sale of the "Newtone" horn or any similar horn at the same time that it uses, advertises, or sells the horn manufactured by complainants, and also against purchasing complainants' horns without special written permission of the complainants, etc.

The license states that the instrument is licensed under conditions assented to by purchase, that any violation of these conditions revokes and terminates all rights and license as to this and all other instruments of makers in violator's possession, and subjects violator to suit for infringement of patents without further notice. Paragraph 1 is in part to the effect that the instrument is licensed only when seller and buyer acknowledge the validity of the above-mentioned patents. Paragraph 2 in part provides that dealers may not sell to any one designated by the makers as objectionable; paragraph 4, that no license is granted for the purchase or sale by any one who has been notified that he is objectionable, etc.

The patents in suit have not been adjudicated, nor is general acquiescence shown. These complainants are prosecuting in the Eastern district of New York a suit upon these patents against the manufacturer of the Newtone horns, the Automobile Supply Manufacturing Company, wherein a preliminary injunction was denied. See Lovell-McConnell Mfg. Co. v. Automobile Supply Mfg. Co. (C. C.) 193 Fed. 658.

Under ordinary rules a preliminary injunction against the sale of "Newtone" horns would be denied upon the complainants' showing. The complainants contend, however, that the defendant is estopped to deny the validity of the patents in suit, by reason of a condition attached to the sale of complainants' horns, known as "Klaxons" and "Klaxonets"; the condition being set forth in the first paragraph of the license above quoted. It will be observed that this license contains no direct provision restricting the defendant from dealing in other horns than those manufactured by complainants. The proposition that the defendant has estopped itself from contesting the validity of the patents in a suit to enjoin its sale of the product of other manufacturers is very doubtful. The condition as to acknowledgment of the validity of the patents seems rather a limitation of rights acquired in the use of a particular instrument than a general agreement with the vendor. Even should it be held that the relation established by purchase with knowledge of such conditions is strictly contractual, a point which requires further consideration in view of the reference in Henry v. A. B. Dick & Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, decided by the Supreme Court March 11, 1912, and to British Mutoscope & Biograph Co. v. Homer, 17 L. T. R. 213, there is ground for thinking that such contract must be confined to the specific subject-matter of the sale.

It is a peculiarity of this form of license that by its terms the instrument itself is licensed. The license seems to be treated as appurtenant to a specific instrument identified by a number. If the licenses are several, and severally accepted, it seems reasonable to confine restrictions imposed upon the purchaser to dealings with the specific subject-matter. The proposition that a purchaser of one of these instruments, with knowledge of the conditions, has thereby agreed to acknowledge the validity of the patents in suit for all purposes and in respect to other articles, is questionable for several reasons. Such an agreement by a purchaser may be altogether disproportionate to any

consideration coming to the purchaser of a single instrument. The acceptance of this proposition would be likely to impose upon a purchaser by a catching bargain conditions which he did not appreciate.

As the license contains no express provision against the sale of any other horns, nor any express restriction of complainants' ordinary legal rights in respect thereto, the attempt to deprive the purchaser of one of complainants' horns of the ordinary rights of sale and of ordinary rights of defense in respect to other articles, in the absence of evidence of full consideration for such a restriction, would have an aspect of unconscionableness and raise considerations of public policy. Pope Mfg. Co. v. Gormully, 144 U. S. 224, 238, 254, 12 Sup. Ct. 632, 637, 643, 36 L. Ed. 414, 420, 426.

The doctrine of acceptance of conditions upon the purchase or articles with labels, notices, or indorsements thereon requires at law specific proof that the conditions were brought to the purchaser's notice. In equity the chancellor should be satisfied, not only that the text was brought to the purchaser's attention, but that the implications and indirect legal consequences of the agreement were understood, or at least were such as were fairly obvious to a purchaser in the ordinary course of trade.

Upon the motion for a preliminary injunction against the use of the "Newtone" horn, I am of the opinion that the complainants' case is not aided by the contention that the defendant is estopped or has agreed not to contest the validity of the patents in respect thereto.

[2] The contention that the defendant is bound by the acknowledgment of the validity of the patents gives rise to an inconsistency, when we consider the case in respect to the prayer for an injunction against the sale of "Klaxons" and "Klaxonets." This contention seems to require us to assume that the license agreement is still in force. If abrogated by complainants, it can hardly be contended that the defendant is still bound by its terms. The complainants have an election to treat the license as still in force and to restrain a breach, or to consider it at an end. The difficulty in this case is that the bill involves inconsistent positions and not alternative positions. If the license is to be treated as in force, it is in force for all purposes, and the defendant cannot be treated as an infringer, but merely as one who has violated the terms of a contract still in force. The complainants may have grounds for their contention that the defendant is an infringer by reason of the sale of "Klaxon" and "Klaxonet" horns contrary to the terms of the license. Upon this point, however, there is doubt, in view of the facts. The complainants themselves cite cases showing that it is doubtful if the license has been abrogated and whether defendants can be treated as infringers. American Graphophone Co. v. Victor Talking Machine Co., 188 Fed. 428, 110 C. C. A. 308; Id. (C. C.) 188 Fed. 431. Until, however, the complainants shall elect definitely which right they will claim, it does not appear whether the case should proceed upon the theory of infringement or of violation of the terms of an existing contract. Though the court has power to grant alternative relief, it has no power to make an election for the complainants between inconsistent rights.

The case presents also a further question as to whether equity should lend its aid to enforce the provision that a breach of conditions in respect to a single instrument shall revoke all rights as to other instruments in the violator's possession. Forfeitures of this character are not favored by equity and will not be aided upon merely technical legal grounds. Furthermore, the complainants fail to show that in respect to sales of Klaxon or Klaxonet horns by the defendant the complainants are likely to suffer such irreparable injury pending final hearing as to require a preliminary injunction.

Motion for a preliminary injunction is denied.