### VICTOR TALKING MACH. CO. v. STRAUSS et al.

(Circuit Court of Appeals, Second Circuit.    January 11, 1916.)

#### No. 140.

PATENTS ☞209(1)—RESTRICTIONS ON USE OF PATENTED ARTICLE—VALIDITY OF LICENSE CONTRACTS.

The Victor Talking Machine Company disposes of its machines, parts of which are covered by various patents, under a plan by which, in consideration of a "royalty," the right to use only is granted until the expiration of the patent having the longest time to run, when a licensee who has complied with the conditions becomes the owner of the machine. The terms of such use are defined by contracts and in notices attached to each machine, and are not all the same, as "distributors" and "dealers" are given the right to use only for demonstrating, with the right to convey the right of use to members of the public who pay the stipulated "royalty" for a machine, subject to the condition that it shall remain unaltered and

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
230 F.—29

be used only with parts, records, needles, etc., supplied by the company, which retains the ownership and the right to retake for a violation of conditions until the expiration of the patent period. *Held* that, under the settled rule that the owner of a patent, who manufactures thereunder, may give the right to use the machines to whom he pleases, upon what conditions he may choose, such license contracts are valid and enforceable.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 300; Dec. Dig. ⊘209(1).]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Victor Talking Machine Company against Jesse I. Strauss and others. Decree for defendants, and complainant appeals. Reversed.

See, also, 222 Fed. 524; 225 Fed. 535, 140 C. C. A. 519.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing the bill. Plaintiff is the manufacturer of certain talking machines and sound records, which are covered by patents which it owns. The suit is brought to restrain defendants, who conduct a department store, from selling or offering for sale, or attempting to part with the title and right of possession of any of plaintiffs' patented talking machines and sound records. The theory of the bill is that defendant has some of these in his possession, having obtained such possession without the assent, direct or indirect, of complainant, and that defendant has no right to dispose of such machines and records without the consent of complainant and upon the terms which it prescribes.

Upon the filing of the original bill motion was made to dismiss it under the new equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), which is the equivalent of a demurrer under the old practice. Judge Augustus N. Hand granted such motion and filed an opinion. (D. C.) 222 Fed. 524. Appeal was taken to this court; we held that even on complainant's own theory, his bill failed to make certain allegations which were essential. The dismissal was therefore affirmed, but with leave to amend. 225 Fed. 535, 140 C. C. A. 519. The bill was then amended by inserting these allegations. Motion was made to dismiss the amended bill and was granted by Judge Hough, who filed no opinion, although he delivered one, orally. From the order of dismissal this appeal is taken.

Frederick A. Blount and Hector T. Fenton, both of New York City, for appellant.

Wise & Seligsberg, of New York City (E. E. Wise, of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). This case presents the familiar one of the manufacturer of a patented article undertaking to extend its use and at the same time regulate the terms and conditions under which it shall be used. It seeks to accomplish this in part by a written contract entered into between itself and

every so-called licensed dealer to whom it delivers the possession of instruments or records. This need not be recited, as in substance it is the same as a so-called "license notice" which is attached to a conspicuous part of every machine. This notice varies only in its statement of the amount of royalty, which of course is different for different types of machine. The notice affixed to every instrument of the type known as Victrola XVI reads as follows:

"This machine is manufactured by us under our patents hereinafter noted, and is licensed for use only for the term of the patent having the longest term to run, and only with sound records, sound boxes and needles manufactured by us; and our records and sound boxes are licensed only for use with our machines. Only the right to use the said machine is granted to Victor distributors and dealers, for demonstrating purposes, with the right to the distributor to assign a like right to regularly licensed Victor dealers at the dealers' regular discount royalty, with the right to the dealers to convey the license to the public to use the said machine only when a royalty of not less than $200.00 shall have been paid, and upon consideration that all the conditions of license shall be strictly observed. A similar right is also granted to the distributor to convey to the public the right to use this machine under the same conditions. No license to use this machine is granted to the public until the full royalty shall have been paid. This machine is not licensed for use for public entertainments for profit; for a license for such public use an extra license fee of ten per cent. (10%) of the full royalty shall be payable. Title shall remain in the Victor Talking Machine Company; also the right to repossess the said patented goods upon the breach of any of the conditions upon the repayment by the Victor Company to the user of the royalty paid by him; less 5% per annum of the full royalty for each year, or fraction of a year that the user shall have had the use thereof. The Victor Company also reserves the right for itself and its representatives to inspect, adjust and repair this machine at all reasonable times while in the possession of the user, and to instruct the user in its use, but assumes no obligation so to do. All patent rights are reserved by the licensor except those hereby granted to the licensees upon the performance of the conditions noted. Any excess use, or violation of the conditions, will be an infringement of the said patents. The patents under which this machine is manufactured and licensed for use are, among others, as follows: [Here follows a long enumeration of the numbers and dates of issues of various patents]; and other U. S. patents under which this machine or parts thereof are manufactured.

"No license is granted to use this machine in any altered or changed condition or with any parts not manufactured by this company. This machine is licensed for use only in the condition, construction and arrangement in which it is put out by us, and any use of this machine, or parts thereof, in any other or altered construction or arrangement, will be construed as a violation of this license. This machine is licensed for use only with needles supplied by the Victor Company; needles will be supplied by the Victor Company, direct to any licensee of any of its patented machines at wholesale price, upon written request.

"This license is good only so long as this label remains on this machine; any erasure, alteration or removal of this label, or of any of this company's labels, or marks attached to this machine, will be construed as a violation of this license. This machine, at the expiration of the patent having the longest term to run, under which it is licensed, shall become the property of the licensee (the machine being then free of the patents, the subject-matter of the license): Provided that the licensee shall have faithfully observed the conditions of license, and the Victor Company shall not have previously taken possession of the machine as herein provided.

"An acceptance of this machine is an acceptance of these conditions.

"All rights revert to the undersigned in the event of violation.

"Victor Talking Machine Company,

"August 1, 1913.                                      Camden, N. J."

A somewhat similar license notice is affixed to every sound record or its envelope. A study of these various documents leads to the conclusion that complainant has undertaken to avoid making such a sale of its machine, as would permanently pass it beyond any further control by itself. We think it has succeeded in so doing; this is not a sale outright, or a conditional or restricted sale or any sale at all.

Under the authorities the owner of a patent who manufactures machines under such patent can give the right to use to whom he pleases upon what conditions he may choose to impose. Some of those conditions may involve pecuniary return, such as royalties, rentals for fixed periods, specified lump sum compensation for the whole period. We do not see why he may not give to one person a more restricted right to use than he does to another. The Dick Case, 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880, establishes the proposition that a restriction to use only with other products of the patentee is legitimate. Of course the giving to any person of a "right to use" things of this sort is an idle thing, unless the person is also supplied with the physical thing to be used, to hold the same while he is enjoying the use and complying with its terms.

Turning now to the license notice. What is granted by the patentee is "only the right to use" the particular machine, unaltered, without parts not manufactured by the Victor Company, maker and owner of the patents, and only with records and needles made by the Victor Company, and to use it only so long as the notice unerased and unaltered remains on the machine. The term for which this right to use is granted is a fixed period "for the term of the patent having the longest term to run"—this term is ascertainable with precision by reference to the notice affixed to the machine which enumerates all the patents.

The character of the use is not the same in all cases.

1. To "Victor distributors" there is given a right to use only for "demonstrating." As the sole result of demonstration is to induce the public to get the machines it may be assumed that these distributors are paid by the Victor Company.

2. To regularly licensed "Victor dealers" there is also given a right to use for "demonstrating" purposes. Sometimes conveyance of such right to use is made directly by the Victor Company, to the licensed Victor dealer. Sometimes the conveyance is made to the "dealer" by the "demonstrator," who by the terms of the notice is expressly authorized to convey such right to the dealer. These dealers, of course, do not use these machines for their personal enjoyment; their demonstrations are given to induce the public to apply for machines and they are paid by a commission on the amount paid by every person who may be induced by them to take one.

3. To the public; i. e., to individuals who wish to use the machines generally. Apparently such conveyances are not made directly by the manufacturer; they are made by "Victor distributors" or by "licensed Victor dealers," who are expressly empowered to make such conveyances. For each one of such machines the person to whom a right

to use the same is granted and a machine delivered, to be by him used, shall pay a lump sum, which varies with the type of machine.

This is called a royalty; in effect it is a payment in advance covering use for the entire term—down to the expiration of the last patent. During such terms the restrictions as to parts, integrity of notice, needles, records, etc., are in force and the manufacturer reserves title in itself. Of course when the patents expire no such restrictions could be maintained and, therefore, when that time comes any licensee (or user) in whose hands a machine may be and who has faithfully observed the conditions, shall receive full title to the same.

The documents are long and complicated, but it seems to us that this is what they provide for. We do not know why, under the law and the authorities a patentee may not thus dispose temporarily of the use and ultimately of the title of a machine made by him and protected by his patent.

The order is reversed.