MOTION PICTURE PATENTS CO. v. UNIVERSAL FILM MFG. CO. et al.

(Circuit Court of Appeals, Second Circuit.    June 15, 1916.    On Petition for Rehearing, August 4, 1916.)

No. 248.

1. MONOPOLIES ⊙➔17(2)—PATENTS—RESTRICTIVE LICENSES.

Under the Clayton Bill (Act Oct. 15, 1914, c. 323, § 3, 38 Stat. 731), making it unlawful to lease or sell goods, machinery, or supplies on a condition that the lessee or purchaser shall not use or deal in the goods, machinery, or supplies of a competitor of the lessor or seller, where such condition may substantially lessen competition and create a monopoly, complainant, who by virtue of patents had a monopoly for the manufacture of motion picture projecting machines, cannot, in selling or leasing such machines, require the purchaser to use films manufactured by it, its letters patent for films having expired, and such a contract is invalid, as tending to create a monopoly.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. ⊙➔17(2).]

2. MONOPOLIES ⊙➔10—STATUTES—APPLICABILITY.

The Clayton Bill, leveled at monopolies, applies to contracts entered into before its enactment.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 9; Dec. Dig. ⊙➔10.]

3. MONOPOLIES ⊙➔10—POWER OF STATE—CLAYTON BILL—APPLICABILITY.

Where a contract involved and restrained interstate commerce, the Clayton bill is applicable, though the particular acts of restraint and infringement occurred in the state of New York, where the contract was made.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 9; Dec. Dig. ⊙➔10.]

4. MONOPOLIES ⊙➔23—RIGHTS UNDER CONTRACTS—USE OF PATENTED ARTICLES—RESTRICTION.

Where the holder of a patent for motion picture projecting machines required one licensed to manufacture to impose conditions as to the use of films in the machines, in violation of the Clayton Bill, one who leased a machine sold by the manufacturer to a third person is not bound to observe such conditions, on the theory that a patent license cannot be relied on and its terms repudiated.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 16; Dec. Dig. ⊙➔23.]

On Petition for Rehearing.

5. PATENTS ⊙➔210—SALE OF PATENTED ARTICLE—USE.

The sale of a patented motion picture projecting machine carries with it, in the absence of restriction, an implied license of use.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 301, 302; Dec. Dig. ⊙➔210.]

6. PATENTS ⊙➔216—CONSTRUCTION—RESTRICTION.

The fact that there was attached to a patented motion picture projecting machine a plate reciting that the sale and purchase of the machine gave only the right to use it upon other terms to be fixed does not, where it did not appear that the terms relating to royalty were ever fixed or brought to the notice of a purchaser from a licensee to manufacture, entitle the holder of the patent rights to royalties.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 329; Dec. Dig. ⊙➔216.]

⊙➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

7. PATENTS ☞216—CONSTRUCTION—RESTRICTION.

In such case, evidence that the purchaser had knowledge of the terms upon which the holder of the patent rights was accustomed to grant permission to use a machine manufactured by its licensees will not establish the purchaser's liability for royalties; there being nothing in the notice to prevent the holder of the patent rights from varying the royalties.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 329; Dec. Dig. ☞216.]

Appeal from the District Court of the United States for the Southern District of New York.

Bill by the Motion Picture Patents Company against the Universal Film Manufacturing Company, the Universal Film Exchange of New York, and the Prague Amusement Company. From a decree dismissing the bill, complainant appeals. Affirmed.

This cause comes here on an appeal from a decree dismissing the complainant's bill. The complainant is the owner of the patent in suit (No. 707,934) for motion picture projecting machines, and on June 12, 1912, granted to the Precision Machine Company a license to manufacture and sell these machines for not less than $150 per machine, and at a royalty of $5 to the licensor each, with the further restriction that each machine put out by the licensee shall be used (1) solely for exhibiting or projecting motion pictures containing the invention of reissued letters patent No. 12,192, leased by a licensee of the licensor while it owns said patent; and (2) upon other terms to be fixed by the licensor and complied with by the user while the said machine is in use and while the licensor owns said patents (which said other terms shall only be the payment of a royalty or rental to the licensor while in use). The license also provided that a plate should be attached to each machine and such plate was attached in the following form:

"Mfr's.   Serial No. 3557.                    Special License No. 3666.
                              "Simplex
                   "Made by the Precision Machine Company
                              "Patented.

"No. 576,185, March 2, 1897.          No. 580,749, April 13, 1897.
"No. 586,953, July 20, 1897.          No. 673,329, April 30, 1901.
"No. 673,992, May 14, 1901.           No. 707,934, August 26, 1902.
                   "No. 722,382, March 10, 1903.

"The sale and purchase of this machine gives only the right to use it solely with moving pictures containing the invention of Reissued Patent No. 12,192, leased by a licensee of the Motion Picture Patents Company, the owner of the above patents and reissued patent, while it owns said patents, and upon other terms to be fixed by the Motion Picture Patents Company and complied with by the user while it is in use and while the Motion Picture Patents Company owns said patents. The removal or defacement of this plate terminates the right to use this machine.              Motion Picture Patents Company,
                              "New York, N. Y., U. S. A."

Reissued letters patent No. 12,192 expired subsequent to the execution of the license by the complainant to the Precision Machine Company. Thereupon the Universal Film Manufacturing Company made a film embodying that invention, and sold it to the Universal Film Exchange, who furnished it for use to the Prague Amusement Company. The Seventy-Second Street Amusement Company became the lawful possessor of a moving picture machine made by the Precision Machine Company. The defendant Prague Amusement Company leased the machine from the Seventy-Second Street Amusement Company and used the film furnished to it by the Universal Film Exchange upon the machine in question. The use of the film upon the machine is the act of infringement alleged. The defendants set up three defenses: (1) That the restrictions in the contract of license to the Prague Amusement Company are contrary to public policy, illegal and void, and the machine therefore is free from the bur-

den of them. (2) That there is no proof of joint infringement as alleged. (3) That the patent is invalid.

Melville Church, of Washington, D. C.; and George F. Scull, of New York City, for appellant.

Edmund Wetmore, John B. Stanchfield, and Oscar W. Jeffery, all of New York City, for appellees.

Before COXE and ROGERS, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

AUGUSTUS N. HAND, District Judge (after stating the facts as above). [1] It was held by this court in the case of Victor Talking Machine Company v. Strauss, 230 Fed. 449, —— C. C. A. ——, that a license to use a patented talking machine upon payment of an initial royalty to cover the life of the patent and upon condition that the licensee purchase all sound records to be used with the machine from the licensor was valid, even though the license provided that title to the machine should pass to the licensor upon the expiration of the patent if the terms of the license had been observed. The present case differs from that case because here the title to the machine at once passed by the sale of the projecting machine to the Seventy-Second Street Amusement Company. We think this case comes within the doctrine of Bauer v. O'Donnell, 229 U. S. 1, 33 Sup. Ct. 616, 57 L. Ed. 1041, 50 L. R. A. (N. S.) 1185, Ann. Cas. 1915A, 150, rather than that of Henry v. Dick, 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880. This is especially true since the enactment of the so-called Clayton Bill, which provides:

"That it shall be unlawful for any person engaged in commerce, in the course of such commerce, to lease or make a sale or contract for sale of goods, wares, merchandise, machinery, supplies, or other commodities, whether patented or unpatented, for use, consumption or resale within the United States, or any territory thereof * * * on the condition, agreement or understanding that the lessee or purchaser thereof shall not use or deal in the goods, wares, merchandise, machinery, supplies or other commodities of a competitor or competitors of the lessor or seller, where the effect of such lease, sale, or contract for sale or such condition, agreement or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce." Act Oct. 15, 1914, c. 323, § 3, 38 Stat. 731.

This act was not regarded as applicable either in the District Court, or in this court, in the case of Victor Talking Machine v. Strauss, supra, because that case was decided upon a demurrer to the bill upon the face of which no substantial restraint of competition or monopoly in any line of commerce appeared. Here, however, the testimony shows that the complainant has a monopoly under its patents of projecting machines so that, if no films not manufactured by complainant can be used upon these machines, the complainant will obtain an absolute monopoly of the film business, in spite of the fact that its patent on films has expired. If the prohibitions of the Clayton Act mean anything at all, this case falls within them, and the restrictions as to use of films other than complainant's with the projecting machines are therefore void. Indeed, the report of the judiciary committee of the House concerning the Clayton Act shows that its purpose is to reach

the film monopoly.   A portion of this report, quoted by Judge Dyer in his opinion in United States v. United Shoe Machinery Co. (D. C.) 227 Fed. 507, is as follows:

"Where the concern making these contracts is already great and powerful, such as the United Shoe Machinery Company, the American Tobacco Company, and the General Film Company, the exclusive or 'tying' contract made with local dealers becomes one of the greatest agencies and instrumentalities of monopoly ever devised by the brain of man.  It completely shuts out competitors, not only from trade in which they are engaged already, but from the opportunities to build up trade in any community where these great and powerful conditions are appearing under this system and practice."

[2] Judge Sessions has held in the case of Elliott Machine Co. v. Center (D. C.) 227 Fed. 126, that this act applies to contracts made before the passage of the act, and we think his opinion justified by decisions of the Supreme Court on which he relied.  Louisville & Nashville Railroad Co. v. Mottley, 219 U. S. 467, 31 Sup. Ct. 265, 55 L. Ed. 297, 34 L. R. A. (N. S.) 671; Armour Packing Co. v. United States, 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681; Philadelphia, Baltimore & Washington R. R. v. Schubert, 224 U. S. 603, 32 Sup. Ct. 589, 56 L. Ed. 911.  In the case of United States v. United Shoe Machinery Company (D. C.) 227 Fed. 507, Judge Dyer reached the same conclusion in regard to the Clayton Act.

[3] Inasmuch as the contract with the Precision Machine Company involved and restrained interstate commerce, it makes no difference that the particular act of infringement occurred within the state of New York, and the prohibitions of the Clayton Act apply.  Marienelli v. United Booking Offices (D. C.) 227 Fed. 170; Nash v. United States, 229 U. S. 373, 33 Sup. Ct. 780, 57 L. Ed. 1232.

[4] It is urged that the defendant Prague Amusement Company cannot rely upon the license and repudiate its terms.  It does not rely upon the license, but obtained a lease of the machine from the owner, the Seventy-Second Street Amusement Company, which acquired it after having paid the purchase price, and thus freed the machine from the unlawful restrictions.  The remarks of this court upon the motion for a stay pending the decision of the appeal from Judge Dickinson's decree in the criminal prosecution for violation of the Sherman Act (Act July 2, 1890, c. 647, 26 Stat. 209), in United States v. Motion Picture Patents Co. (D. C.) 225 Fed. 800, would be applicable to the case, if the restrictions we have held illegal had been held valid.  Then it would have been true that the defendant, who was using the patented article under a license, could not question the validity of the patent, or claim it lacked invention.  These remarks are not applicable when the restrictions are held invalid, and the article, having been thus freed from all restrictions, may be used at the will of the licensee.

In view of the foregoing considerations, it is unnecessary to discuss the other defenses raised by the defendants, and the decree dismissing the bill is affirmed.

## On Petition for Rehearing.

PER CURIAM.  The appellant seeks a reargument upon the question whether the Prague Amusement Company did not infringe by not

complying with the condition as to royalty or rental imposed by the appellant on users of machines manufactured under its licenses.

[5, 6] The sale of the projecting machine carried with it, in the absence of any restriction, an implied license of use. Mitchell v. Hawley, 16 Wall. 547, 21 L. Ed. 322. The notice which was attached attempted to impose the condition that it should only be used with films containing the invention of a patent which had expired "and upon other terms to be fixed by the Motion Picture Patents Company." The condition as to use only with the specified films we have held illegal for the reasons given in our opinion heretofore rendered. The condition as to which a reargument is desired relating to a continuing royalty was not brought to the notice of the defendants and cannot, therefore, be regarded as limiting the implied license which accompanied the sale of the machine. Cortelyou v. Johnson, 207 U. S. 196, 28 Sup. Ct. 105, 52 L. Ed. 167; Lovell-McConnell Mfg. Co. v. Waite Auto Supply Co. (D. C.) 198 Fed. 133. The clause "upon other terms to be fixed" in no way specified the nature of these terms and in particular in no way mentioned a continuing royalty, or the amount thereof. There is no evidence, moreover, that any "other terms" were ever fixed or demanded. We think such a vague condition insufficient to limit the implied right of user passing to the vendee of the machine, and consequently unenforceable.

[7] The appellant offered evidence at the trial, which was excluded, that the Prague Amusement Company had knowledge of the terms upon which the Motion Picture Patents Company was accustomed to grant permission to use a machine put out by its licensed manufacturers; but this evidence, had it been allowed, would not have obviated the difficulty with the form of the notice. If the terms that were customary had been known, there was nothing in the notice or elsewhere to prevent the appellant from varying the royalty as to nature or amount. Such a condition is too indefinite for enforcement, though a notice of a precise amount to be paid might be perfectly good. The notice affixed to the machine was so broad as to allow the patentee to fix any terms he might choose and to be repugnant to all rights which the owner of the machine might have obtained by his purchase and implied license.

The motion for a reargument is denied.