SMITH A. SKINNER, Respondent, v. THE WALTER A. WOOD MOWING AND REAPING MACHINE COMPANY, Appellant.

A licensee of a right to use a patented invention, while he remains such, may not dispute the validity of the patent, and although he may renounce the license and refuse to further manufacture under it, and thereafter manufacture in hostility thereto, on the ground that the patent is invalid, this can only be done upon notice; the licensor is entitled to assume that the licensee remains such until the latter, by a clear, definite and unequivocal notice, emanating from lawful and competent authority, throws off the protection of the license, and stands admittedly as an infringer, if the patent is valid.

The parties entered into a contract by which plaintiff gave to defendant the exclusive right, as to harvesting machines, to use an oiler patented by plaintiff, and defendant agreed to manufacture said invention and attach one wherever applicable to each and all such machines manufactured by it, and to pay a specified sum for each oiler so used. In an action upon the contract, it appeared that plaintiff had recovered judgment in a former action upon the contract. *Held*, that the contract established the relation between the parties of licensor and licensee; that plaintiff's cause of action was not entire, but was in the nature of a demand for royalties dependent upon the number of machines manufactured, and so, the former judgment did not exhaust the whole right of action, and plaintiff was entitled to recover royalties subsequently accruing.

The action was to recover royalties from September, 1884; the referee found that in 1880 plaintiff demanded payment for the use of his invention; that his claim was presented to defendant's auditing board, and was rejected without any formal vote or resolution, for the reason that

its president denied making any contract and that they believed the patent invalid. Plaintiff was notified of the rejection, but was not advised of the reasons therefor. In 1882 plaintiff made a written application for payment, stating therein that whether his patent was valid or not, it had up to that time served to protect defendant in the use of the invention, which it had used, representing to the public that it had the exclusive right to such use, and that he desired to effect an arrangement for his compensation. This paper was presented by defendant's attorney to the auditing board, with a statement written by him at the foot thereof to the effect that the whole matter seemed to depend on plaintiff's contract with defendant's president, if there was one. The auditing board again rejected the claim, and at its request the attorney notified the plaintiff of the rejection, but without specifying the alleged ground of invalidity. *Held*, that this was not such a renouncement of the license as discharged defendant from liability under the agreement or permitted it to dispute the validity of the patent.

Also, *held*, that in the absence of any proof of authority conferred upon the auditing board, beyond the usual functions of such a board to allow or reject claims, it had no authority to rescind the contract or determine the future action of the company; but that such authority was in the board of trustees.

(Argued October 11, 1893; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 13, 1892, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought in June, 1890, to recover royalties from September 1, 1884, for the use by defendant of an oiler to be attached to agricultural machines, a patented invention, under a parol contract which the complaint alleged was entered into with plaintiff in February, 1872, by which defendant agreed to manufacture and use said invention and to attach it wherever it would be applicable to all the various machines it manufactured and sold, and to pay plaintiff a royalty on each machine manufactured and sold by it having said invention attached, plaintiff agreeing that he would neither use nor license others to use said invention.

A prior suit was commenced in July, 1883, for the recovery of royalties, in which a judgment was rendered in plaintiff's favor covering the use of the invention to September 1, 1884.

Further facts are stated in the opinion.

*Esek Cowen,* for appellant. This is purely an action at law to recover a debt. (*Salter* v. *Ham,* 31 N. Y. 321.) The contract set forth in the complaint and stated in the referee's finding, was single, and contained but one stipulation. Its breach constituted but a single cause of action, and the plaintiff, having chosen to recover what he now claims was only a part of his damages, cannot maintain an action for the remainder. (Herman on Estoppel, 248, 254 ; *Secor* v. *Sturgis,* 16 N. Y. 548 ; *Embury* v. *Connor,* 3 id. 512 ; *Fish* v. *Folley,* 6 Hill, 54 ; *Farrington* v. *Payne,* 15 Johns. 431 ; *Guernsey* v. *Carver,* 8 Wend. 492 ; *Miller* v. *Covert,* 1 id. 487 ; *Miller* v. *Maurice,* 6 Hill, 121 ; *Stark* v. *Starr,* 95 U. S. 477 ; *Bendernagle* v. *Cocks,* 19 Wend. 207 ; *Church* v. *Brown,* 54 Barb. 191 ; *Staples* v. *Goodrich,* 21 id. 317 ; *Waterbury* v. *Graham,* 4 Sandf. 215 ; *Smith* v. *Jones,* 15 Johns. 229 ; *Baird* v. *U. S.,* 96 U. S. 430 ; *Warren* v. *Cumings,* 6 Cush. 103 ; *Trask* v. *R. R. Co.,* 2 Allen, 231 ; *Town of Marlborough* v. *Sisson,* 31 Conn. 332 ; *Bancroft* v. *Winspear,* 44 Barb. 209.) The fact that the patent of the plaintiff was void, and that on or about the 5th day of June defendant rejected his claim for compensation, and caused him to be notified that it would not pay him anything because his patent was invalid, is a complete defense to this action. (*Marston* v. *Swett,* 82 N. Y. 533 ; *Brown* v. *Lapham,* 23 Blatchf. 475.) The former judgment was not conclusive against the defendant, upon the question as to the invalidity of the patent, and notice of refusal to pay royalties, for that reason. (*Cromwell* v. *County of Sac.,* 94 U. S. 351 ; *Davis* v. *Brown,* Id. 423 ; *Russell* v. *Place,* Id. 606 ; *Bell* v. *Merrifield,* 109 N. Y. 202 ; *Stowell* v. *Chamberlain,* 60 id. 276.)

*James Lansing* for respondent. The referee herein properly held and decided, both as a matter of law and fact, that the agreement or license under which the defendant used the plaintiff's oiler, was not terminated by either of the alleged notices set up in the defendant's answer and attempted to be established on the trial. (*Marston* v. *Swett,* 66 N. Y. 206 ;

82 id. 526.)   Assuming that the plaintiff had notice clear and distinct that the defendant acknowledged that it had been a licensee of plaintiff, but desired no longer to so continue, and repudiated its license and agreement upon the ground that the patent was invalid, the defendant is estopped from having or maintaining any such defense in this suit. (*Malloney* v. *Horan,* 49 N. Y. 111–116 ; *Dunham* v. *Bowers,* 77 id. 76 ; *Newton* v. *Hook,* 48 id. 676 ; *Jarvis* v. *Diggs,* 69 id. 143 ; *H. Ins. Co.* v. *Dunham,* 33 Hun, 415–419 ; *Jordan* v. *Van Epps,* 85 N. Y. 436 ; *Masten* v. *Olcott,* 60 How. Pr. 105, 110, 111 ; *Pray* v. *Hegeman,* 98 N. Y. 358 ; *Le Guen* v. *Gouverneur,* 1 Johns. Cas. 506 ; *Shaw* v. *Broadbent,* 129 N. Y. 122 ; *McBurney* v. *Goodyear,* 11 Cush. 569.)   Defendant's contention that this action cannot be maintained because the original contract is entire and not apportionable, and that a recovery in the former suit bars a recovery in the present action, is untenable. (*Dodge* v. *Crandall,* 30 N. Y. 294 ; *Moore* v. *Fox,* 10 Johns. 244 ; *Palmer* v. *Vandenbergh,* 3 Wend. 199 ; *McLees* v. *Hale,* 10 id. 426 ; 2 Pars. on Cont. 30, 517 ; *Probage* v. *Cole,* 1 Saund. 320 ; 1 Story on Cont. § 24 ; *McKnight* v. *Dunlap,* 4 Barb. 47 ; *Sickles* v. *Patterson,* 14 Wend. 257 ; *Robinson* v. *Green,* 3 Metc. 159 ; *Roots* v. *Lord Dormer,* 4 Barn. & Ald. 77 ; *Tipton* v. *Feitner,* 20 N. Y. 425 ; *Quigley* v. *Dehaas,* 82 Penn. St. 267 ; *Byrnes* v. *Byrnes,* 120 N. Y. 8 ; *Goebel* v. *Iffla,* 111 id. 170 ; *Dunham* v. *Bower,* 77 id. 76.)

Finch, J.   We deem it our duty to affirm this judgment upon two of the propositions asserted by the General Term, but without any further expression of opinion as to other matters which were brought into the discussion.

We agree that the contract between the parties established substantially the relation of licensor and licensee of a patented invention, and that the plaintiff's cause of action to recover compensation was not entire, so that the one judgment previously obtained exhausted the whole right of action upon the contract, but was and is in the nature of a demand for royalties, dependent upon the number of machines manufactured to

which the invention was applied, and measured by the value
of the use to which the latter was thus subjected.   The ques-
tion was fully discussed in the opinion below, and our approval
of its reasoning upon the point remains unchanged by the
appellant's criticism on the argument.   The terms of the con-
tract itself, its peculiar subject-matter, and the conduct of the
parties under it, all indicate that the cause of action was not entire.
and complete upon the execution of the agreement, but that
the latter contemplated compensation measured by future use,
and giving rise to causes of action severally founded upon
subsequent breaches.   While the contract as proved lacks the
precision and accuracy of detail which would have excluded
the question raised, enough is left to justify the construction
thus far maintained.

The further contention of the appellant is rested upon the
theory that at a period antecedent to the use of the invention
for which a recovery has been had, notice was given to the
plaintiff that the defendant company renounced their license
and refused to further manufacture under it, but should
manufacture in the future in hostility to and defiance of the
patent, on the ground that the latter was invalid and a nullity.
It is conceded that a licensee may thus change his position;
that while he remains such he cannot question or dispute the
validity of the patent, but in order to do so must fully
renounce its protection, and put himself in the clear and
unmistakable attitude of an infringer, having no defense except
in the claimed invalidity of the patent.   And the inquiry
now is whether any such sufficient notice was given.

The referee has found that about August 1, 1880, the plain-
tiff demanded payment for the use of his invention up to that
date; that the claim was presented to the auditing board of the
company and was rejected by its members, though without
any formal vote or resolution; the reason assigned being that
the president of the company denied having made any con-
tract with plaintiff, and that they believed the patent to be
invalid.   They also requested Mr. Parsons, who was the
attorney of the company, to notify the plaintiff of their con-

·clusion, and the latter did so, but without stating any grounds upon which the invalidity of the patent was asserted.

The referee further finds that in June of the year 1882 the plaintiff renewed his application for payment, and did so in a writing which was proved and put in evidence. In that document he asserts that there had been a re-issue of his patent; that whether valid or not it had up to that time served to protect the company in the use of the invention which they had applied to their machines as a patented article of which they had the exclusive use, and were in the habit of so representing the facts to the public; and that he desired to effect an arrangement for his compensation. This paper was presented by Parsons to the auditing committee, he adding at the foot· ·of it, "The whole matter seems to depend on his contract with Mr. Wood, if he had one." The referee further finds that the auditing board again rejected the claim, and a majority of the individual members requested Parsons to so inform the plaintiff, because they believed the patent to be invalid, which the attorney did, though again without specifying the alleged ground of invalidity.

Several facts about these notices challenge our attention. They are a refusal to pay, and give as a principal reason the asserted invalidity of the patent. But they do not in terms renounce its protection; they do not directly or explicitly abandon the position of licensees; they do not assert an intention to continue the manufacture in hostility to the patent and in defiance of its authority. All that ·can be said is that something of that sort might fairly be inferred from the refusal to pay, coupled with a claim of invalidity. While that is a possible it is not a necessary inference, and the licensor was entitled to a distinct and definite and unequivocal notice, such as would leave the company inevitably liable as an infringer if the patent should be sustained. It is quite doubtful whether the defendant intended to take any such position or the plaintiff at all so understood it. Before the notice of 1880, there had been a use of the machine under the patent, and it was for that use that claim was made. The refusal to

pay, so far as it rested upon an asserted invalidity of the patent, could only mean that the company deemed that a defense although they were and remained licensees. They could not mean anything else, for there is no pretense that prior to that date any notice at all had been given. If at that time the defendant claimed, as it did, that the invalidity of the patent could justify a refusal to pay while the company was licensee, how could plaintiff be expected to infer that the licensee intended to cease to be such or manufacture on any different basis? That the plaintiff did not and was not bound to so infer is evident from what followed. About two years later he again presented a claim for compensation. That the company for that period were chargeable only as infringers and outside of the license does not seem to have entered his mind. On the contrary, he distinctly asserts that up to that very moment the licensees had been manufacturing as such, and so holding themselves out to the public, and he renews his claim on that basis. And now observe the action of the auditing board and their attorney. If they believed that two years earlier they had renounced their position as licensees, we should expect them to say so and tell the plaintiff if he had faith in his patent to proceed against them as infringers for two years at least. They say nothing of the kind. They merely repeat their refusal and assertion of the invalidity of the patent, without one word indicating any intended or accomplished change of position. Their own attorney appends to plaintiff's claim a written memorandum that it depends upon the question whether there was in fact a contract with Wood, and so recognizes that if there was there had been no infringement. And it is further to be noted that in a previous suit for royalties accruing after as well as before these notices were given, they were not pleaded as a defense against a recovery after their date founded upon an invalidity of the patent.

There is a further difficulty. We may perhaps assume that the defendant's auditing board were vested with authority to pay or reject claims against the company, but we can assume

nothing more than that. No proof is given of any authority conferred upon them beyond the usual functions involved in their official designation. It is not proved that they had any authority to rescind a contract or settle and determine the future action of the company. In the absence of such authority it must be held to reside in the board of trustees, which never acted upon the matter, either formally or informally.

A licensor is entitled to assume that his licensee remains such until the latter, by a clear, definite and unequivocal notice emanating from lawful and competent authority, throws. off the protection of the license and stands admittedly an infringer if the patent is valid. The licensor is not to be left in a doubtful or uncertain position. He must not be exposed to the double danger of being defeated in a suit for infringement by a plea of license never effectually or authoritatively renounced ; or if he sues for royalties, of being beaten because there was merely an infringement, if anything.

We think the alleged notices were insufficient, and so the defendant remained liable as licensee.

The judgment should be affirmed, with costs.

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.