(7 Misc. Rep. 408.)

MAITLAND et al. v. CENTRAL GAS & ELECTRIC CO.

(Common Pleas of New York City and County, General Term. March 7, 1894.)

PATENTS FOR INVENTIONS—ACTION FOR ROYALTIES.
In an action for royalties accruing under a license to use a patent, a defense that plaintiffs induced defendants to enter into the license agree-

ment by fraud is insufficient where it does not allege that before the royalties accrued defendants notified plaintiffs that they repudiated or surrendered the license.

Appeal from city court, general term.

Action by George Maitland and the General Fixture Company against the Central Gas & Electric Company. From a judgment of the city court (27 N. Y. Supp. 421) affirming a judgment sustaining a demurrer to the fifth paragraph of the amended answer, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Birdseye, Cloyd & Bayliss, for appellant.

A. Walker Otis, for respondents.

PER CURIAM. The demurrer was well taken. To make this attempted equitable defense good against the action for royalties, it ought to contain an averment that, before the royalties accrued, the licensees had notified the licensors that they repudiated or surrendered the license, so that the latter might be in a position to sue for infringements during the period for which they now claim royalties. Marston v. Swett, 66 N. Y. 206, and 82 N. Y. 527; Saltus v. Belford Co., 133 N. Y. 499, 31 N. E. 518; Skinner v. Machine Co., 140 N. Y. 217, 35 N. E. 491; Hyatt v. Ingalls, 124 N. Y. 93, 26 N. E. 285. See, also, Hyatt v. Manufacturing Co., 106 N. Y. 651, 12 N. E. 705, reported in full in 125 U. S. 49, 8 Sup. Ct. 756, under title Manufacturing Co. v. Hyatt. The present allegations might be entirely adequate in an action to set aside the license for fraud, if plaintiffs brought such an action in a court having jurisdiction to grant that relief; but that relief would date from the time of the decree setting the license aside, and would be no defense to an action for royalties previously accrued. The city court has not jurisdiction to grant such affirmative equitable relief, and so the allegations of the so-called "separate defense" are not available in this action as a defense, or for affirmative relief. The absence of an allegation that, before the royalties sued for accrued, defendants rescinded or surrendered the license, and notified plaintiffs thereof, makes this defense bad as an equitable defense, or any defense in this action. If defendants have a good defense of rescission or surrender, and wish to set it up in proper form, they must make application to the city court for leave to amend. We have only to affirm or reverse the judgment. Judgment affirmed.