(14 Misc. Rep. 60.)

MAITLAND et al. v. DREW et al.

(Common Pleas of New York City and County, Special Term. September, 1895.)

PATENTS—ACTION FOR ROYALTIES.

In an action to recover royalties under a patent, a defense that plaintiff represented that the patent was valid, whereas it was void, "and thereafter, by a judgment of the United States circuit court of appeals, it was declared" that said patent was invalid, without alleging that defendant gave notice that he repudiated the contract, is insufficient, as a licensee of a patent under a royalty contract cannot manufacture and sell the patented articles, and afterwards resist a claim for the royalties on the ground that the patent was invalid, unless he gave notice of his intention to repudiate the contract, or the patent had been judicially declared void before the royalties accrued.

Action by George Maitland and others against Henry P. Drew and others to recover royalties under a patent. Plaintiffs demur to the separate defenses and counterclaims. Sustained.

A. Walker Otis, for plaintiffs.

Charles Meyers, for defendants.

BISCHOFF, J. To an action for royalties alleged to have become due under the license of certain patent rights to the defendants, the latter, by answer, after certain admissions and denials, interposed two separate defenses and a counterclaim, and to these the plaintiffs demur. The contract between the parties was entered into on or about November 1, 1891, and the royalties in suit are based upon sales of the patented articles by the licensees for a period from October 1, 1893, to January 1, 1895, amounting to $450 for such period.

The first separate defense proceeds upon the allegations that the contract of license was induced through the representation that the patents, under which the royalties in suit accrued, were valid, whereas such patents were void, "and thereafter, by a judgment by the United States circuit court of appeals, it was declared that the said letters patent * * * were invalid," etc. The second separate defense simply sets forth the fact that the patents were void at the time when the contract was made. The counterclaim is for the recovery back of royalties actually paid by defendants to plaintiffs prior to the date when the patents were declared void. It is well settled that a licensee of a patent, under a royalty contract, cannot proceed with the manufacture and sale of the articles patented, and afterwards resist a claim for the royalties upon the ground that the patent was invalid, unless he had given notice of his intention to repudiate the contract, or the patent had been judicially declared void prior to the accrual of such royalties, in which latter case the notice is unnecessary (Marston v. Swett, 82 N. Y. 534); and proof of the actual annulment of the patent is very material upon the question of the amount of royalties due the licensor (Id.). Neither in their defenses nor counterclaim do these defendants allege the giving of notice of repudiation at any time, and only in the first defense is the adjudication declaring the patent void alluded to. But here we have merely the averment that the adjudication was made after the date of the contract, and nothing appears wherefrom it may be inferred that this

event took place prior to the accrual of all the royalties, or of any. Proof of the date of this judicial act might have considerable bearing upon the issue of the amount due the plaintiffs under the contract if the issue were properly raised, but, failing an allegation of such date, proof would be required that it might be shown whether or not the matter constituted a defense. Time, when material to the statement, must be pleaded. People v. Ryder, 12 N. Y. 436. As to substance, the allegations of a pleading are to be taken strictly against the pleader, although liberality as to form obtains under the Code; and it is not to be assumed that the date in question was prior to the 1st of January, 1895, in support of the defense. I have no judicial knowledge of the judgments of the federal courts. The demurrer to this defense is to be sustained.

The second defense refers to no other allegation of the answer for its support. Hence it must stand or fall as pleaded (Boyd v. McDonald [Sup.] 12 N. Y. Supp. 356; Hammond v. Earle, 58 How. Prac. 426); and it is insufficient in that there is no averment of notice of repudiation, nor an allegation that the patent was made invalid by judicial decree or official revocation (Marston v. Swett. 66 N. Y. 206, 82 N. Y. 534; Saltus v. Belford Co., 133 N. Y. 499, 31 N. E. 518; Skinner v. Machine Co., 140 N. Y. 217, 35 N. E. 491).

So, too, of the counterclaim. The payments sought to be recovered back are alleged to have been made previous to the adjudication declaring the patents void, and therefore the defendants can make no claim to them. They received what they paid for,—the right to privileges under what the parties at the time took to be valid patents. Cases supra.

Demurrer sustained, with costs. Leave to the defendant to amend upon payment of costs within 20 days. Ordered accordingly.