## UNITED SHOE MACHINERY CO. v. CAUNT.

(Circuit Court, D. Massachusetts. December 26, 1904.)

### No. 1,939.

1. PATENTS—COVENANT NOT TO CONTEST VALIDITY—CONSTRUCTION.

A covenant in a lease of patented machinery that the lessee will not contest the validity of the patent must be construed with reference to the grant expressed on the face of the patent, and, where it is for the full term of 17 years, the covenantor is debarred from setting up as a defense to a suit for infringement that the patent expired before the expiration of such term by reason of the expiration of a prior foreign patent for the same invention.

In Equity. On exceptions to answer.

Benjamin Phillips and Elmer P. Howe, for complainant.

T. Hart Anderson, for defendant.

LOWELL, District Judge. Complainant brought a bill in equity to restrain the infringement of letters patent No. 461,793, granted October 20, 1891. The bill alleged a covenant of the defendant, dated January 2, 1902, admitting the validity of the patent. The covenant in question (contained in a lease for the term of 17 years, which may be referred to by agreement of counsel) is as follows:

"Ten. The lessee admits the validity of each and every of the letters patent of the United States of America, owned by the lessor or under which it is licensed; any of the inventions of which are or hereafter may be embodied in the leased machinery. The lessee also agrees that he will not directly or indirectly infringe or contest the validity of or the title of the lessor to any of the patents referred to in the 'Schedule of Patents' hereto annexed. The termination or cesser of this lease and license from any cause whatever shall not in any way affect the provisions of this clause or release or discharge the lessee from the admission and estoppel herein set forth."

"Schedule of Patents
"(Referred to in Article Ten herein).
"461,793, October 20, 1891."

The defendant answered, setting up a British patent dated September 17, 1888, "for said alleged improvements set forth and claimed in said letters patent No. 461,793." The complainant excepted to the allegation in the defendant's answer above referred to as impertinent, and prayed that it be expunged. The case was thereupon referred to a master, who carefully considered the question presented for decision, and found that the portion of the answer objected to was not in violation of the defendant's covenant. The complainant duly excepted to the master's report.

Rev. St. § 4887 [U. S. Comp. St. 1901, p. 3382], reads in part as follows:

"Every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent; * * * and in no case shall it be in force more than seventeen years."

The sole question thus presented to the court is this: Did the defendant covenant that he would not contest the valid duration

of letters patent No. 461,793 for the full term of 17 years expressed therein, or was his covenant binding only for the term as limited by the prior English patent? That expired 14 years from its date. There was much discussion by counsel, both before the master and at the bar, whether section 4887 should be construed as forfeiting a part of the term otherwise granted by the patent, or as a limitation implied in the grant itself. Cases were referred to in support of one construction or the other of the statute. See Brush Electric Co. v. Julien Electric Co. (C. C.) 41 Fed. 679; Brush Electric Co. v. Electric Accumulator Co. (C. C.) 47 Fed. 48; Bate Refrigerating Co. v. Hammond, 129 U. S. 151, 9 Sup. Ct. 225, 32 L. Ed. 645; Edison Electric Light Co. v. United States Electric Lighting Co., 52 Fed. 300, 3 C. C. A. 83; Bate Refrigerating Co. v. Sulzberger, 157 U. S. 1, 15 Sup. Ct. 508, 39 L. Ed. 601. But after the decisions of the Supreme Court there can be no controversy about the substantial meaning of section 4887. Under the conditions there stated, the patentee obtains a monopoly limited by the term of the foreign patent. Whether that limitation works in derogation of the grant or otherwise is little more than a question of words. The real question presented in the case at bar does not concern the classification of the statute, or its technical method of operation, but the meaning reasonably to be attached to the defendant's covenant. Had the patent in question been limited on its face (as in Pohl v. Anchor Brewing Co., 134 U. S. 381, 10 Sup. Ct. 577, 33 L. Ed. 953), "subject to the limitation prescribed by section 4887, Rev. St., by reason of British patent dated September 17, 1888," there can be no doubt that the defendant's answer would state a valid defense to the bill. This would be true whether the limitation thus expressed worked by way of forfeiture or otherwise. But where the patent is expressed to grant a monopoly for 17 years, without qualification, the defendant's covenant must be construed with reference to this language, and he must be taken to agree not to dispute the monopoly defined in the patent.

Inconvenience would follow from adopting the defendant's construction. The identity of the invention described in the foreign patent and in the patent in suit may be matter of serious dispute. If the defendant can set up the term of the foreign patent, the covenant might fail to afford the complainant that protection from litigation for which it was obviously designed. By the construction of the covenant here adopted, its meaning may be gathered from the terms of the instrument itself and from the patents therein referred to.

The exceptions to the master's report are therefore sustained, and the allegation excepted to in the defendant's answer must be deemed impertinent and expunged therefrom.