WILLIAM D. MARTIN, Respondent, v. THE NEW TRINIDAD LAKE ASPHALT COMPANY, LIMITED, Appellant. (Action No. 3.)

First Department, May 3, 1918.

**Judgment — res adjudicata — when prior judgment may be put in evidence although not pleaded — patent — suit to recover royalties — notice to licensor not repudiating license — when assignment by patentee not breach of license — use of patented process by others without authority — licensee cannot attack validity of patent — changes in apparatus not altering patent.**

In so far as matters litigated in an action were involved in a former action the judgment therein is *res adjudicata* as between the same parties.

A prior judgment may not be offered in evidence as a bar to a subsequent action or as an estoppel unless it has been pleaded. But such prior judgment is competent evidence of a fact in issue in the second action between the same parties where identical questions of fact arise.

A licensee having a right to use a patented process does not repudiate the license and its liability to pay royalties by merely notifying the licensor that it claims that other persons are using the process in violation of its rights.

Such repudiation, to be effective, must be a definite and unequivocal notice that the licensee abandons its position as such and intends to continue to use the process in hostility to the patent and in defiance of its authority, so that the licensor could proceed against it as an infringer.

Where the licensor did not covenant to protect the licensee against infringers, the assignment of the patent by the licensor was not a breach of the contract on the theory that the licensor thereby deprived himself of the power to protect the licensee.

The licensee cannot claim that it has been evicted and ousted from the use of the patent where there is no evidence that it has been proceeded against for infringement, or in any way denied the right to use the patent.

A licensee cannot defend an action for royalties by attacking the validity of the patent.

Nor can the licensee escape liability merely because it placed a cover over tanks used in the patented process so as to protect them from rain. Such change did not change the process, especially where the patentee made no claim upon any special apparatus.

APPEAL by the defendant, The New Trinidad Lake Asphalt Company, Limited, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of March, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of March, 1917, denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 16th day of March, 1917, granting plaintiff an extra allowance of costs.

*L. Laflin Kellogg* of counsel [*Alfred C. Petté* with him on the brief; *Kellogg & Rose*, attorneys], for the appellant.

*Henry B. Johnson* of counsel [*Niles & Johnson*, attorneys], for the respondent.

PAGE, J.:

This action was brought to recover royalties which had accrued under a license given to the defendant's assignor by the plaintiff's assignors under two letters patent of the United States issued upon the process of drying or refining natural asphalt for the three months ending September 30, 1903, and December 31, 1903. A former action between the same

parties was brought to recover royalties under the same license for the first half of 1903, which resulted in a judgment in favor of the plaintiff, which was affirmed by this court and by the Court of Appeals without opinion (167 App. Div. 927; 222 N. Y. 547).

In so far as the matters litigated in this action were involved in the former action the judgment therein is *res adjudicata* herein and the court properly so held. The appellant claims that this is error because the judgment in that action was not pleaded in this action. Had the judgment been offered as a bar to this action or as an estoppel, it would not have been admissible in evidence, unless it had been pleaded. But as evidence of a fact in issue, it was competent, although not pleaded, like any other evidence, whether documentary or oral. A party is never required to disclose his evidence by his pleadings. The evidence was competent to disprove a material allegation of the complaint traversed by the answer. As evidence it was conclusive as an adjudication of the same fact, in an action between the same parties. (*Krekeler* v. *Ritter,* 62 N. Y. 372, 374; *Feinberg* v. *Allen,* 208 id. 215, 217.) Upon this appeal, therefore, it will only be necessary to consider the defenses that were not interposed or adjudicated in the other action and the alleged errors raised by exceptions to rulings upon the evidence. The third and seventh defenses were not adjudicated in the former action. The third alleges that on or about the 13th day of July, 1903, the defendant repudiated all obligations under the contract and so notified plaintiff's assignors, and refused to pay the royalties provided for therein, and has not since said date paid any royalties thereunder or acknowledged its liability therefor. On this trial there was offered the following letter:

"*July* 13*th*, 1903.

" MR. RICHARD D. UPHAM, .

" No. 11 Broadway,

" New York City.

" SIR.— Your attention is called to the fact that the process of drying or refining asphalt under Letters Patent of the United States, issued to you, dated January 9th, 1894, and numbered 512348 and 512494 is now being used, and for some

time in the past has been used, among others, by the following concerns:

"First: The Warner-Quinlan Asphalt Company at Trembley Point, N. J.

"Second: The Uvalde Asphalt Company at Stapleton, Staten Island.

"Third: The Impervious Product Company at Baltimore, Md.

"Such use of this process is a violation of our rights under the contract entered into between yourself and the Trinidad Asphalt Company dated September 5th, 1894, and removes all consideration for royalties specified therein."

[Signed by the defendant.]

This letter is merely a notice that the defendant claims that certain other persons are using the process in violation of their rights, and that such use removes all consideration for royalties. This is far from being a repudiation of the contract. Such a repudiation must be made by a clear, definite and unequivocal notice that they abandon the position of licensee and announce their intention to continue to use the process in hostility to the patent and in defiance of its authority, so that the licensor could proceed against them as infringers. (*Skidmore* v. *Fahys Watch Case Co.*, 28 App. Div. 94, 101; *Skinner* v. *Wood Mowing & Reaping Machine Co.*, 140 N. Y. 217, 222, 224.) Inasmuch as there was no agreement in the license that the licensor would defend the licensee from infringers, there was no obligation to do so. The licensee could prosecute any one infringing. This letter was, therefore, insufficient for the purpose for which it was offered.

The defendant also sets up the fact of the assignment by the licensor to the plaintiff as a breach of his contract, in that he thereby deprived himself of power to protect the licensee, and cites the case of *Rosenthal Paper Co.* v. *National Folding Box & Paper Co.* (175 App. Div. 606). In that case, however, the licensor had covenanted to protect the licensee from infringers and failed to do so on demand, and assigned the patent without the licensee's knowledge or consent, thereby depriving himself of the power to protect the licensee, while in the case at bar there was no such covenant nor anything but the bare license for which royalties were to be paid. There

was, therefore, no personal obligation that was violated by the assignment.

The defendant claims that it has been evicted and ousted from the use of the patent. There was, however, no evidence that any one had proceeded against it for infringement or that it had in any way been prevented from using and enjoying its rights under the license, except that others were alleged to have used the same as infringers. It is not suggested that the others used the process with the consent or license of the plaintiff or his assignors. There is, therefore, nothing to this claim.

The seventh defense is predicated upon the alleged invalidity of the patent, but a licensor cannot as a defense to the payment of royalties attack the validity of the patent any more than a tenant can defend an action for rent on the ground that the landlord's title is defective.

The claim is made that the defendant was not using the process because of the fact that it had put over the tanks a covering. The process was not changed by the fact that in one case a movable cover was used when the tank was in the open air, so that in case of rain this cover, which was mounted on wheels, could be rolled over it and there was space for the steam to escape into the air. Nor was the process changed by putting flues to conduct the steam through the roof to the open air. A change in form of the apparatus did not change the process. It is stated in the specification forming part of letters patent No. 512,348, "I make no claim upon the apparatus, as such, and the details of the apparatus shown may be varied at the will of the constructor."

The defendant admitted the use of the process in all particulars, except it claims that the apparatus was modified by partial covering. Clearly the defendant cannot escape liability for the payment of royalties by such a subterfuge.

I have examined all the exceptions taken by the appellant and do not find any that present reversible error.

The judgment and orders should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Judgment and orders affirmed, with costs.