MARTIN v. NEW TRINIDAD LAKE ASPHALT CO., Limited.

(District Court, D. New Jersey.    January 2, 1919.)

1. PATENTS �köm129—LICENSE CONTRACT—SUIT FOR ROYALTIES—ESTOPPEL.

A licensee under an apparently valid patent, when sued for royalties, may not set up its invalidity as a defense, unless prior to the period for which royalties are claimed he gave the licensor such unequivocal notice of repudiation as would render him liable for infringement thereafter if the patent is held valid.

2. PATENTS ⊙212(1)—LICENSE CONTRACT—CONSTRUCTION.

In the absence of an agreement by the licensor, in a contract granting a license under a patent to protect the licensee from infringements by others he is under no obligation to do so.

At Law.    Action by William D. Martin against the New Trinidad Lake Asphalt Company, Limited.    On motion to strike out parts of answer.    Motion granted.

Condict, Condict & Boardman, of Jersey City, N. J., and Henry B. Johnson, of New York City, for plaintiff.

Edwin F. Smith, of Jersey City, N. J., and L. Laflin Kellogg, of New York City, for defendant.

HAIGHT, District Judge.    Although the notice of the motion is addressed to the whole of defendant's second amended answer, I have considered that the motion is really to strike out only the seventh and eighth separate defenses, both because they were the only parts of the answer which were referred on the argument, and because a reply and a rejoinder have been filed to the other parts.    In the seventh defense it is alleged that the patented processes, which were the subject-matter of the contract sued on, and of which the defendant was to have the exclusive use, were, subsequent to the making of the contract, used generally by others, whereby the defendant was deprived of the profits which it would otherwise have made, had such general use not been permitted; that it called upon the plaintiff to protect the defendant "in its right to exclusive use," but that the plaintiff failed to do so; that thereupon the defendant repudiated "all obligations under said contract and stood out from under the protection thereof, and refused to pay the royalties provided for therein, and so duly notified the plaintiff."    In the eighth defense it is alleged that patents were invalid; that by reason thereof it repudiated all obligations under the contract, etc., and so duly notified the plaintiff.    The notice of repudiation referred to in each defense is that alleged to be contained in the answer interposed by the present defendant in the suit instituted against it by the present plaintiff, in the Supreme Court of the State of New York based on the same contract as is this suit, which action will hereafter be referred to, as it has been by counsel, as action No. 1.

[1]    The controlling question which is applicable to both defenses is whether that notice was sufficient.    So far as the eighth defense is concerned, the rule pertinent to the question thus presented, which

---

may be deduced from the reported decisions and which is supported by reason, is this: A licensee under a license agreement, such as that upon which this suit is based, when sued for royalites payable under the agreement, where the patent which is the subject-matter of the license, is apparently valid and in force (where it has not been declared invalid by a court of competent jurisdiction or revoked by the Patent Office before the royalties have accrued), may not set up the supposed invalidity of the patent and the consequent failure of consideration of the agreement, unless, prior to the period for which the royalties are sought to be recovered, he has given to the licensor a distinct, definite, and unequivocal notice to the effect that he no longer recognizes the binding force of the agreement, and that he will thereafter manufacture or use the article covered by the patent under a claim of right, founded upon the alleged invalidity of the patent, and in hostility to and defiance of the authority of the patent and the license, so that the licensor can thereafter proceed against him for an infringement of the patent, if he choose so to do. Lawes v. Purser, 6 Ellis & Blackburn, 930; Martin v. New Trinidad Lake Asphalt Co., Ltd., 182 App. Div. 719, 170 N. Y. Supp. 234 (App. Div., 1st Dept. N. Y. Sup. Ct.); Skinner v. Walter A. Wood Mowing & Reaping Mach. Co., 140 N. Y. 217, 35 N. E. 491, 37 Am. St. Rep. 540; Hyatt v. Dale Tile Mfg. Co., 106 N. Y. 651, 12 N. E. 705 (quoted in full in 125 U. S. at 49, 8 Sup. Ct. 756, 31 L. Ed. 683; Marston v. Swett, 82 N. Y. 526; Skidmore v. Fahys Watch-Case Co., 28 App. Div. 94, 50 N. Y. Supp. 1016 (App. Div. N. Y. Sup. Ct., 1st Dept.); White v. Lee (C. C. Mass.) 3 Fed. 222; Brown v. Lapham (C. C. S. D. N. Y.) 27 Fed. 79; Mudgett v. Thomas (C. C. S. D. Ohio) 55 Fed. 645, 648; Holmes, etc., v. McGill, 108 Fed. 238, 244, 47 C. C. A. 296 (C. C. A. 2d Cir.); Macon Knitting Co. v. Leicester Mills Co., 65 N. J. Eq. 139, 152, 55 Atl. 401.

The decision of Judge Kirkpatrick in this district, in Moore v. National Water-Tube Boiler Co. (C. C.) 84 Fed. 346, did not deal with the question of notice, because, apparently, no notice of repudiation had been given, but it did hold, in the absence of notice, that in a suit for royalties the licensee cannot set up the invalidity of the patent as a defense. Lawes v. Purser, supra, and Marston v. Swett, 82 N. Y. 528, were cited as authorities for that proposition. See, also, American Street Car Advertising Co. v. Jones (C. C. N. D. N. Y.) 122 Fed. 803, 808.

While some of the above-cited cases define the character of the necessary notice more definitely than do the others, none differ as to the requirement of the notice or as to the fact that it must absolutely repudiate the license agreement, and all rights conferred and obligations imposed thereby, so that the licensee may thereafter be treated as an infringer at the option of the licensor. They are therefore all alike in principle. There is every reason for requiring such a notice to be a definite and unequivocal repudiation, for as was said in the Skinner Case:

"The licensor is not to be left in a doubtful or uncertain position. He must not be exposed to the double danger of being defeated in a suit for infringe-

ment by a plea of license never effectually or authoritatively renounced; or, if he sues for royalties, of being beaten because there was merely an infringement, if anything."

As it is within the power of the licensee to make his position clear and definite, every consideration of justice requires that he, not the licensor, should be held accountable for his failure to do so. It is necessary therefore to examine the notice relied upon by the defendants to support the defense in question. The defendant having failed to pay the royalties which accrued subsequent to January, 1903, the plaintiff, in August of that year, instituted action No. 1 against him in the Supreme Court of New York, to recover the royalties which had accrued for the first half of the year 1903, and some sums claimed to be due as royalties for prior years. An amended answer was filed in that action, verified on August 8, 1904. The answer thus interposed is the one relied upon as notice of repudiation in this action. When that case came on for trial, the court held (as appears by the allegations of the seventh and eighth separate defenses in this answer):

"That the evidence offered was insufficient to establish rescission or repudiation of the contract, and plaintiff recovered judgment against defendant upon the verdict of the jury for royalties under said contract, for the first six months of 1903, and certain prior royalties."

This judgment was affirmed by the Appellate Division of the Supreme Court, without opinion (Martin v. New Trinidad Lake Asphalt Co., Ltd., 167 App. Div. 927, 152 N. Y. Supp. 1126), and by the Court of Appeals, likewise without opinion (Martin v. New Trinidad Lake Asphalt Co., Ltd., 222 N. Y. 547, 118 N. E. 1067). The answer in that suit was signed by the attorneys for the defendant and verified by one of them. The pertinent allegations thereof, which were "upon information and belief," were that the patents which were the subject-matter of the license agreement were invalid "for want of invention and patentable novelty," and that because thereof, and "because the method of processes of refining asphalt referred to therein were in general use" by others than the licensor and licensee, the defendant "on or about the 1st day of January, 1903, repudiated all obligation under said contract and refused to pay the royalties provided for therein, and it has not since said date paid any royalties thereunder, or acknowledged its liability to the said Wilkinson & Upham, or to the plaintiff therefor." This, at the best, was but a recital, upon information and belief, by attorneys, retained to defend a lawsuit, of "past events" to support the legal proposition which they advanced. It was in no sense a declaration of the defendant's "future" intentions, either in respect to a continuance of the use of the processes covered by the patent or of the authority—whether by virtue of the license or of the invalidity of the patents—under which it intended to use them, if it did so intend. I am utterly unable to conceive how it could in any sense be considered such a definite and unequivocal notice as is required by the before-stated rule. If its alleged repudiation of all obligations under the contract may be considered as tantamount to a renunciation of the protection of the license, the notice of the repudiation was nothing more than a statement by

the attorneys as to the reason why the royalties for the period covered by the suit had not been paid. For all that appears the plaintiff might readily have understood, as the institution of the subsequent action seems to show that he did, that, if the repudiation referred to in the answer should not be established or held sufficient to justify the defendant in declining to pay the royalties, he would thereafter pay them.

Could the plaintiff, therefore, on such a notice, have safely assumed that he could treat the license agreement at an end and sue the defendant as an infringer? I think not. Any doubt regarding the sufficiency of the notice should be resolved against the defendant, because it was within its exclusive power to make the notice definite and certain. This conclusion makes it unnecessary to consider any of the other reasons advanced by the plaintiff in support of the motion to strike out the eighth defense. It seems an all-sufficient answer to the defendant's complaint—that it has been unable up to this time to have the question of the validity of the patents determined, and has been compelled to pay the royalties on what it considers invalid patents, pursuant to a contract, which, because of such alleged invalidity, is without consideration—that it has no one but itself to blame, because it failed to give to the plaintiff the definite and unequivocal notice of repudiation, which the law and justice entitled him to, and which it could have given if it had been so disposed. If notice of repudiation is essential to sustain the seventh defense, as counsel for both parties have apparently, and I think correctly, assumed (Skidmore v. Fahys Watch-Case Co., supra), then it clearly follows that, for the reasons heretofore advanced, the notice set forth in the seventh defense (which is the same as that set up in the eighth defense) was not sufficient. If the defendant was entitled to repudiate the contract because the patented processes were being used by others subsequent to the date of the contract, in the absence of some provision in the contract to the contrary, it should, on principle, be required to give as explicit and definite a notice of repudiation as where its asserted right to repudiate is based on the invalidity of the patent. In both cases, the ground upon which it bases its right to repudiate is a failure of consideration. On the other hand, if the notice of repudiation is not an essential prerequisite of repudiation on the ground of such user, then the striking out of the seventh defense will not harm the defendant, because the same substantive matters, with the exception of the particular notice alleged in the seventh defense, are set forth in the first defense.

[2] But quite apart from the question of notice, the seventh defense fails to set up any matter which would bar the plaintiff's action. It at best merely alleges that others, during certain years, subsequent to the date of the license agreement, were infringing the patents, the exclusive use of which that agreement gave to the defendant. It does not allege, however, that such infringements were with the plaintiff's consent or license. The license agreement (a copy of which is annexed to the complaint) contains no provision that the licensor would protect the licensee from infringements by others. In the ab-

sence of such a provision, there was no obligation upon the part of the plaintiff to do so. Martin v. New Trinidad Lake Asphalt Co., Ltd., 182 App. Div. 719, 170 N. Y. Supp. 234; Skidmore v. Fahys Watch-Case Co., 28 App. Div. 94, 50 N. Y. Supp. 1016, 1020 (App. Div. N. Y. Sup. Ct., 1st Dept.); National Rubber Co. v. Boston Shoe Co. (C. C. Mass.) 41 Fed. 48, 50; McKay v. Smith (C. C. Mass.) 39 Fed. 556.

The motion to strike out the seventh and eighth defenses of the second amended answer will be accordingly granted, with costs.