SCHUTTE & KOERTING CO. v. WHEELER CONDENSER & ENGINEERING CO.

(District Court, E. D. Pennsylvania. January 23, 1924.)

No. 10024.

Patents ⬦214—Exclusive licensee may rescind contract on failure to get the monopoly contracted for.

A licensee, who contracts for the "sole and exclusive right to manufacture, sell, and use" a patented article, for which he agrees to pay royalties, if he does not get the monopoly for which he bargained, may surrender his license, with all rights granted him, and refuse longer to be bound by his promise to pay.

At Law. Action by the Schutte & Koerting Company against the Wheeler Condenser & Engineering Company. On rule by plaintiff for judgment. Rule discharged.

Brown & Williams, of Philadelphia, Pa., for plaintiff.
Ralph B. Evans, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The action is in assumpsit by the licensor against the licensee of a patent for agreed royalties. The defense set up is broadly failure of consideration. This, however, expresses the nature of the real controversy neither fully nor accurately. The issue sought to be raised is best disclosed by a short fact statement.

Plaintiff was the owner by assignment of letters patent, No. 968,926 for "multi-stage vacuaters." On June 27, 1918, it granted to defendant "the sole right to manufacture, sell, and use," in consideration of defendant's agreement to pay to plaintiff a royalty of 5 per cent. on the selling price of what was made under the patent and sold, and in any event a minimum annual flat royalty of $5,000. The defendant paid all royalties due the plaintiff up to July 1, 1922, at which time it declared its right to rescind, or at least repudiate its agreement to make further payments, and thereupon acted upon its asserted right to rescind, and gave notice thereof to plaintiff.

The fact basis for this claimed right of rescission was a total failure of consideration, in that the letters patent were believed to be invalid, and that competitors of the defendant wholly ignored or defied all claims of right in the defendant or plaintiff under the letters patent because the letters were asserted to be of no validity. The defendant gave further notice of its intention to continue the use of the patented device and invited the plaintiff to treat the defendant as an unlicensed user and to "proceed accordingly."

The position of the plaintiff is a denial of all right in the defendant to change the contractual relations of the parties, and the assertion of the right of the plaintiff to hold the defendant to the obligations of its contract to pay royalties as if no rescission had been attempted. The issue of the continued obligation of the contract is thus squarely raised, and inasmuch as this goes to the whole of the plaintiff's claim, the question thus presented may, under the Practice Act of 1915 (Pa. St. 1920, §§ 17181–17204), be now ruled.

There are other fact features which bear upon the question, but these may be considered as they come up in the course of the discussion. A helpful starting point is that the action here is upon the contract of the defendant. It is called upon to pay solely because it has agreed to pay. The next thought, however, is that it has not simply agreed to pay, but to pay for something. Unless, therefore, it received, it is not called upon to pay.

This takes us to the question of whether the defendant received, and this cannot be known until we first inquire what it was to receive. This in turn takes us to the contract, from which we learn that it was to receive a right. The distinction is often made, and is sometimes of value, between the common-law right to make for sale or use and the right given by the patent laws. The right the latter confers is undoubtedly only the right to invoke the power of the law to stop others. This then becomes an incident of the common-law right and enlarges it into an exclusive right or monopoly. This was beyond doubt what the parties to this contract had in mind as the thing granted, and for which the defendant agreed to pay. They described it as "the sole and exclusive right to manufacture, sell, and use." This thought of the transfer of the grant of a monopoly is further strengthened by the reservation of a limited right in plaintiff to use. The plaintiff had no grant of monopoly to transfer, except that conferred by its letters patent, so that by this fact and the preamble to the contract the validity of these letters is implied.

We must accept the fact averment that the defendant did not get this monopoly, and that the letters patent are of no validity. Why, then, should the defendant pay for that which it did not get? One answer which the plaintiff makes to the question is that the defendant so agreed to do. Another is that by the agreement itself the defendant acknowledged, and is in consequence estopped to deny, validity. Another is that, prima facie, at least, the patent is valid; no adjudication of invalidity having been made. Still another is that the defendant agreed to maintain the validity of the patent, if any action was brought against it.

The first answer begs the question to be decided. The second does not meet the question as now presented, because the question is, not whether the defendant can deny the validity of the patent, but whether validity can be established against other users, as otherwise there was a failure of consideration. The third answer need not be discussed, for the reason that it has been made the subject of judicial ruling against the plaintiff, as will appear by the citations to which we will later refer. The final answer is inapplicable, because no suit has been instituted against the defendant, whatever otherwise the meaning of this part of the agreement may be.

We have said that the statement of the plaintiff that the defendant should pay because it agreed to pay begs the question. If either party had agreed to maintain and defend the monopoly, for the enjoyment of which the defendant agreed to pay, then there would have been no failure of consideration, because, if the defendant had so agreed, it must have resisted encroachment upon its monopoly, and, if the plaintiff had so promised, the agreement of the defendant to pay would have been in consideration of such promise of the plaintiff. There is, however, no such agreement by either party, and we must assume their refusal to make it.

The real question thus becomes one of what in this respect the contract was, and our construction of it is that the defendant was to pay the agreed price for the monopoly, and not to pay if one had not been granted.

It only remains to inquire how far the indicated conclusion reached is in accord with the adjudged cases to which we have been referred. We premise the analysis of these cases with the comment that judicial opinions must be read and understood in the light of the fact situation to which they relate, and the language of an opinion can seldom be bodily transferred or applied to the different fact situation of another case.

St. Paul v. Starling, 140 U. S. 184, 11 Sup. Ct. 803, 35 L. Ed. 404, was an action at law on a contract to pay royalties. The contract did not in terms assume to give an exclusive right. Although the question was suggested, it was not ruled. There were many grounds of defense interposed, the fact basis of which were found against defendant. One was a renunciation in form of the license. The court found there was no giving of it up in fact. The notice to rescind suggested the question of the acquiescence of the plaintiff in the rescission. The part of the opinion of the court which is quoted is to the effect

that, if the action had been one of infringement, this would have indicated acquiescence in the rescission of the contract; "but," as the opinion sets forth, "he elected to regard the license as still in force, and brought an action to recover the royalties provided for by it, as he was entitled to do." What the court ruled, it is thus seen, was simply this: An action for infringement against a licensee after attempted renunciation is acquiescence, but the licensor may bring his action on the contract as still in force, and thus raise the question of the right of the licensee to rescind. This ruling has no bearing on the questions before us.

Barber v. Headley (D. C.) 284 Fed. 177: The principle of law applied in the ruling of the cited cases is made clear by the opinion of Judge Morris. The action was for royalties due under a licensing agreement. The grant was of the "exclusive" right. The defendant had been in the full enjoyment of the right granted. There had been no renunciation, and no surrender of the license. The defense was the broad one that there had been no promise to pay a royalty on the use made of the license, claim for which was made. The contract was construed by the defendant to be that it was to pay only when the "emulsion" was used in street construction, and only when use was made of the patented invention. The defense was in consequence divided into two propositions: (1) Defendant had not used the "emulsion" in "street" construction, but for another wholly different purpose; and (2) the defendant had not used the plaintiff's "emulsion," but something else, not covered by the patent. After the trial the defendant learned that the plaintiff had surrendered its patent and had been granted a reissue. On this ground there was a motion for a new trial. The defense proposed to be interposed was in effect the invalidity of the patent of the licensor. The court was of opinion that the defendant could not avail itself of this defense. The ground of the ruling was that the licensee could not enjoy the benefits of its license, retain them, and yet refuse to pay the price. The analogue was that of a tenant, who, unevicted, had been in the use of the leased premises, yet refused to pay the rent because the landlord did not have a good title against some one who had not asserted title. This principle is wholly inapplicable to the fact situation presented by this affidavit of defense.

United States v. Harvey, 196 U. S. 310, 25 Sup. Ct. 240, 49 L. Ed. 492: Again we have the language of an opinion attempted to be applied to a wholly different fact situation. The contract in the cited case gave a right to use, but not the exclusive right. It provided, further, that if the patent was "judicially decided" to be invalid the obligation to pay royalties ceased. There had been no such "judicial" determination. It was "not argued that there was a technical entire failure of consideration." 196 U. S. 315, 25 Sup. Ct. 241. The court held "the clause in the contract as the measure of the defendant's rights" (196 U. S. 316, 25 Sup. Ct. 242), and that the invalidity of the patent could not be set up in the suit upon the contract (196 U. S. 315, 25 Sup. Ct. 241). The principle upon which the cited case was ruled has no application to the facts of the instant case.

We have no space for analysis of each of the numerous cases (all of which we have examined), to which we have been referred by counsel for plaintiff, but each calls for like comments to those already made as even a cursory reading of them will show. Among them are Pope v. Owsley (C. C.) 27 Fed. 100; Dunham v. Bent (C. C.) 72 Fed. 60; Philadelphia v. Davis (C. C.) 77 Fed. 879; Consolidated v. Finley (C. C.) 116 Fed. 629; United v. Caunt (C. C.) 134 Fed. 239; Siemens v. Duncan, 142 Fed. 157, 73 C. C. A. 375; Bell & Howell Co. v. Bliss (C. C. A.) 262 Fed. 132; Chicago v. Pressed Steel, 243 Fed. 883, 156 C. C. A. 395.

We find nothing in any of the adjudged cases in conflict with the principles of law which we have indicated to be, as we view it, applicable to the fact situation set up by the affidavit of defense here. On the other hand, we do find confirmation of the correctness of the view thus taken in several of the cases cited by counsel for defendant. The distinction made is an obvious one, and the practical difference between cases as clear. If one has received and enjoyed what has been granted and is sued for the price, he must pay, and the defense that the grantor or licensor had no title to what was granted, and the grantee or licensee might have been evicted, cannot be admitted in defense.

It is likewise true that no one can keep what has been granted and refuse to pay the agreed price for it. Failure of consideration, however, as a general proposition is a good defense in an action on a promise, for what just ground is there to compel one to pay merely because he has promised to pay, if he has not received that for which he promised to pay. Eviction from the use and enjoyment of that for the use and enjoyment of which (and for which alone) one has promised to pay relieves him of the obligation of the promise, unless there is something to negative this consequence. A like failure of consideration confers the right to have a promise to pay annulled and confers the like right to rescind. No one, of course, can, however, hold to his contract, yet refuse to comply with it. The proposition then comes to this that a licensee who has bargained for the exclusive right to manufacture, and to use or sell, and for this has agreed to pay royalties, if he does not get that for which he bargained, may surrender his license with all rights granted him, and refuse longer to be bound by his promise to pay. This is as far as we are called upon to go in the present case. Whether a licensee under a patent, who has admitted its validity and agreed not to contest it can, after surrendering his license, escape the consequences of infringement by contesting the validity of the patent, is another question, which is not before us.

We look upon the opinion of Judge Haight, in Martin v. Trinidad (D. C.) 255 Fed. 93, as a satisfying vindication of the soundness of the principles herein outlined. The defendant in the instant case has without doubt been guided by the above-cited case in taking the defensive position here assumed, and in our judgment Judge Haight's views provide a safe guide. This renders it unnecessary to extend this already overlong opinion by a reference to the adjudged cases which support the view taken by Judge Haight.

The rule for judgment is discharged.