EPIMENIO CASTRACANE et al., Landlords, Appellants, *v.* JOHN
LANGE, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, March 28, 1946.

*Herman Fink* for appellants.

*Matthew H. Brandenburg* for respondent.

MEMORANDUM *Per Curiam.* The return discloses neither plea nor proof of the defense of *res judicata* relied upon by the Trial Judge as a defense to the proceeding.

The final order should be reversed and a new trial ordered, with $10 costs to appellants to abide the event.

McLAUGHLIN, J. (dissenting). In this summary proceeding for possession of premises occupied by the tenant, the tenant filed no formal answer but appeared personally without counsel and contested it at the trial. The lower court has held that by reason of a prior decision made by a justice in the same Municipal Court for the same relief, the matter is *res judicata* and has accordingly granted a final order in favor of the tenant.

It is not disputed that prior to the commencement of this proceeding another proceeding was instituted by the same landlords against the same tenant for possession of the same premises. It is also conceded that the present proceeding is based upon the same Office of Price Administration certificate which was issued as the basis for the earlier proceeding. In addition it was admitted by the landlords that in the former proceeding most of the facts which were brought out in this proceeding were presented to the court.

" THE COURT: But you gave most of these facts to Judge DELAGI when he was here, did you?

" THE WITNESS: (landlord) Yes."

The landlords maintain, however, that regardless of any prior decision, a new proceeding may be instituted at the expiration of any month, the tenancy being one from month to month. That cannot be, for where possession is sought for the same cause, there can be only one decision determining the landlords' right to possession. To hold otherwise would mean that there could be no end to litigation.

My associates hold that the final order must be reversed because there was neither plea nor proof of the defense of *res judicata.* However, no objection was raised at the trial on the ground that *res judicata* had not been pleaded. In this Municipal Court proceeding the tenant appeared personally and the trial proceeded without any formal pleading on the part of the tenant. Even if we assume that the tenant, not having pleaded *res judicata,* would be estopped from offering the prior judgment in evidence, still the prior judgment is competent evidence as to any fact in issue in the present action (*Martin* v. *New Trinidad Lake A. Co., Ltd.,* 182 App. Div. 719). It was there stated (p. 721): " In so far as the matters litigated in this action were involved in the former action the judgment therein is *res adjudi-*

*cata* herein and the court properly so held. The appellant claims that this is error because the judgment in that action was not pleaded in this action. Had the judgment been offered as a bar to this action or as an estoppel, it would not have been admissible in evidence, unless it had been pleaded. But as evidence of a fact in issue, it was competent, although not pleaded, like any other evidence, whether documentary or oral.'' (See, also, *Berkowitz* v. *Equitable Life Assur. Soc.,* 21 N. Y. S. 2d 206, 208.) This court in a *Per Curiam* opinion wrote: '' It was prejudicial error to exclude any competent, relevant and material evidence which would establish the issue previously tried in that it was an issue tendered for trial in the present action. Where the parties are the same in a later action upon a different claim or demand, the judgment in the prior action may be res adjudicata or it may be used as evidence to conclude or estop a party from again trying an issue previously tried.''

It was, therefore, proper for the lower court in the instant case to consider as evidence the record in the earlier trial since it appeared that the issue of fact was the same.

Nor is there persuasive force to the argument that *res judicata* was not established. The justice presiding in the lower court had before him the prior decision made by Mr. Justice DELAGI and the petition upon which it was based. That record was admitted in evidence as follows: '' THE COURT: The tenant offers in evidence the decision of Mr. Justice DELAGI in Landlord and Tenant 2413; deemed marked; 2413–1945.

'' THE COURT: The tenant rests. The court has read the petition and holds the decision of Mr. Justice DELAGI is *res adjudicata.* Final order, therefore, for the tenant.''

In addition, the landlords admitted that in making that decision most of the same facts had been presented to Mr. Justice DELAGI. Under the circumstances, a clear case of *res judicata* was established. Upon the facts before it, the lower court could not logically have reached any other conclusion.

The final order in tenant's favor should be affirmed.

HAMMER and EDER, JJ., concur in memorandum *Per Curiam;* McLAUGHLIN, J., dissents in opinion.

Order reversed, etc.